No. 62.—THOMAS GARNER *et al.* plaintiffs in error, *vs.* JAMES J. KEATON, defendant.

[1.] Though the Court below do not assign reasons altogether accurate, for rescinding an order previously granted, allowing an amendment to a bill in Equity; yet, if in the exercise of his discretion, the Chancellor do rescind an improvident order, allowing an amendment which was not material, error is not committed.

[2.] When it is alleged that the Court committed error, in permitting a defendant to file exhibits, (not previously filed,) to an answer, and neither the bill of exceptions, nor the record, specify or identify the exhibits referred to, so that the reviewing Court may consider and decide upon the propriety of their admission, the judgment of the Court below must be affirmed.

Garner   *et al. vs.* Keaton.

[3.] If the foundation for a series of interrogatories, proposed as an amendment after answers, be not laid in the bill, they cannot be admitted as an amendment. If the foundation be thus laid, the interrogatories will not, after answer, be admitted as an amendment, unless for good cause shown; as in such case they are not needed.

It the bill be not fully answered, the complainant should except, and require farther answer. If the bill be fully answered, such an amendment in such a shape, would not be proper.

In Equity, in Baker Superior Court.   Tried before Judge PERKINS, April Term, 1853.

To the June Term, 1850, Thomas Garner, in right of his wife, Stella Garner, formerly Stella Howard, and others, filed their bill for account and distribution, against James Keaton, administrator of William G. Howard, deceased.

At the December Term, 1850, the usual rule was taken. On the 20th day of April, 1852, Keaton filed his answer, to which was attached the inventory and sale bills of the property of the estate.

On the 21st April, 1852, complainants filed in office, an amendment to their bill, in the shape of interrogatories, calling upon Keaton to answer as to the notes, receipts, or other evidences of debt and moneys that Howard had, or controlled, at the time of his death, &c. &c.

Which amendment was allowed by the Court, at April Term, 1852, of said Court; and it was further " ordered, that Keaton answer the bill by the first day of the next term of the Court, and on failure to do so, that the charges set forth in complainant's bill, be taken *pro confesso,*" &c.   At a subsequent term, to wit: April Term, 1853, of the Court, the above order was rescinded, and the amendment dismissed, upon the ground that the defendant " did not have his day in Court."

Counsel for defendant moved for leave to file exhibits which were referred to in the answer, which was granted by the Court. Counsel for complainants then moved the Court to amend their bill.   The Court overruled the motion, and to these decisions and rulings of the Court, counsel for complainants excepted.

BENNING, for plaintiffs in error.

LYON & CLARK, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

Upon examination of the record in this case, we are enabled to ascertain with sufficient certainty, what the amendment was, which had been proposed and allowed at April Term, 1852, of Baker Superior Court, and which was stricken out by order of Court, at April Term, 1853. We also ascertain from the record, that this same amendment was that which was proposed at the last mentioned term, and which was refused by the Court. An order of the Court, which appears in the transcript of the record, in connection with a series of interrogatories made out for this case, and addressed to this defendant; which order allows the same " as an amendment to the bill of complaint," very effectually identifies these interrogatories, as the amendment in question. A copy of the same interrogatories appearing in the record, following a statement of the case, and entitled " amendment to bill," which the Clerk certifies to have been filed April 27th, 1853, and notice of which, as an amendment, is acknowledged by defendant's solicitor on the same day, also very plainly shows that this was the amendment which was refused. Thus, for the purpose of considering the first and last assignments of error, the record is sufficiently certain.

[1.] The first assignment of error is, that the Court erred in rescinding the order allowing the amendment.

Though we do not entirely agree with the Court below, in the reason given for rescinding the whole of this order, of April Term, 1852; yet, if it appear that such amendment was not material to complainant's case, it will be evident that the order allowing the amendment was improvidently granted, and that no injury has accrued to complainant by its rescision. That it was not a material amendment, will appear by

Garner *et al. vs.* Keaton.

the consideration which we give to the last assignment of error.

[2.] The next assignment of error is, that the Court erred in permitting the defendant to file certain exhibits, at April Term, 1853, which had not been previously filed with his answer.

These exhibits are not specified in the bill of exceptions, and we are not able, by any thing in the transcript of the record, to fix or identify them, so as to consider and determine whether, or not, the Court exercised its discretion properly in permitting them to be filed. We must, therefore, presume, that the Court below exercised that discretion wisely, and committed no error in permitting such exhibits to be filed.

[3.] The last assignment of error is, that the Court erred in refusing to allow the amendment tendered by complainants. at April Term, 1853.

The proposed amendment consisted, as we have said, entirely of a series of interrogatories addressed to the defendant, substantially the same as had been previously proposed, received and rejected.

Now, either the foundation for these interrogatories had been laid in the stating and charging parts of the bill, or it had not. If it had been so laid, then the interrogatories, unless upon some special cause shown, which does not appear, were not needed after answer. If the foundation were not so laid, then they were improper as an amendment, and could not be admitted ; as, by the rules of pleading in Chancery, the defendant is not required to answer interrogatories which have no relation to the charges of the bill.

If the bill were not fully and fairly answered, the complainants could have excepted and required further answer. If the bill were fully and fairly answered, this amendment was not proper.

If some amendment to the body of the bill had been needed, in order to procure a more full and satisfactory answer, it should have been presented in that shape. Such amendment

could not be allowed to take the shape of interrogatories, for which no foundation was laid in the bill.

Upon a careful examination of the frame-work of the bill, it seems to us very fully and fairly answered by the defendant; but if it be not so, this amendment is not the proper way in which to secure a more satisfactory answer.

We would not be understood as saying, but that a case might occur, in which the submission of interrogatories as an amendment to a bill, by simplifying the matter to which the attention of the defendant was invoked and his answer desired, would be proper. But we do not find this to be such a case; and, therefore, we see no cause for interference with the exercise of that ample discretion in refusing or admitting amendments, which is reposed in the Judge of the Superior Court.