Shaw *vs.* Watson.

---

JAMES A. J. SHAW, plaintiff in error, *vs.* LUCINDA WATSON; defendant in error.

1. Where a case was dismissed on demurrer, and at the same term of the court, the plaintiff moved a rule *nisi* to reinstate, setting forth the grounds in writing, and the other party waived notice and copy also in writing on the back of the rule *nisi*, and the motion was stated on the motion docket, and the rule *nisi* granted by the judge, who made an entry on the docket, "September term, rule *nisi*," opposite the case, but no order was put upon the minutes, or signed by the judge, granting the rule:

*Held,* that it was error in the judge (a different judge presiding,) to refuse to allow the order granting the rule *nisi* to be put on the minutes, *nunc pro tunc,* on proof by the plaintiff that it was in fact granted, and on proof of the grounds taken.

2. It was error in the judge to dismiss the motion.

Practice in the Superior Court. Minutes. Motion. Before Judge BUCHANAN. Hall Superior Court. March Adjourned Term, 1873.

Shaw brought assumpsit against Watson for $1,438 65, besides interest, on a cause of action unnecessary here to be set forth. At the September term, 1872, of Hall superior court, on demurrer to the declaration, it was dismissed by the Hon. C. D. DAVIS, the then presiding judge. At the same term of the court a motion was made to reinstate the case,

service of which was acknowledged by counsel for defendant. This motion was entered on the proper docket, and opposite the case was an entry by the judge as follows : "September term, rule *nisi.*" It came on to be heard at the March adjourned term, 1873. Counsel for the defendant moved to dismiss said motion, on the ground that the rule *nisi* had not been signed by the judge, nor entered on the minutes of the court. In resistance of this motion, counsel for plaintiff moved that the motion to reinstate be entered on the minutes *nunc pro tunc*, and that he be allowed to verify the facts stated therein, and to show by proof that it was the original motion and rule *nisi* made and granted during the September term, 1872. This proceeding the court refused to allow, and plaintiff excepted.

Counsel for the plaintiff then offered to prove that the uniform practice of the courts of the western circuit had been, up to the expiration of the term of Judge DAVIS, not to sign orders before they were entered on the minutes. He also moved that the case be continued to enable the plaintiff to verify the motion and the grounds thereof by Judge DAVIS.

The court refused to allow the proof or to direct the continuance, and plaintiff excepted.

The court then dismissed the motion to reinstate, and plaintiff excepted.

Error is assigned upon each of the aforesaid grounds of exception.

N. L. HUTCHINS ; G. MCMILLAN ; E. M. JOHNSON ; T. M. PEEPLES, by HILLYER & BROTHER, for plaintiff in error.

JASPER N. DORSEY, for defendant.

McCAY, Judge.

1. Where the judge of a court of record passes a judgment it is ordinarily final, so far as he is concerned. Necessary rules of order require that he shall not be asked, even during the term, to reopen the matter for new discussion and new decis-

Shaw *vs.* Watson.

ion; and when the term is past, the general rule is unquestioned that the judgment is final. But, during the term, all action *by the judge* is open to be reheard, at the discretion of the court: Kerr on Actions, 30–33; 81 Law Library. His regular judgment, though solemnly made, though on the minutes, may be vacated for good cause, or the judge may, by order then made, open it for rehearing at a subsequent term. The turning point is, does the court adjourn with the judgment undisturbed? See Kerr on Actions, as cited above. In this case, a motion was made to reinstate; the motion was in writing, stating what had taken place, and calling upon the other party to show cause why the case should not be reinstated. The motion to reinstate was entered on the motion docket, the other party acknowledged service of the motion and waived a copy *on the back* of the rule *nisi,* and the judge *granted* the order. It is clear to us that this was such an entertaining of the motion to reinstate as suspended the order dismissing. When the motion to reinstate was *entertained* and a rule *nisi* granted, the order of dismissal ceased to be the final judgment of the court. But it is said that there is no legal evidence of the granting of the rule *nisi;* that the only legitimate evidence of what transpires in a court of record is the record or the minutes of the court. This is true; but courts have always exercised the power of correcting their minutes and records so as to make them speak the truth as it in fact existed; and this is the express provision of the Code. Section 3499 of the Code gives the general power to amend the record so as to make it *speak the truth.* Section 3500 is somewhat more specific, and says that a court will amend the entries of the orders on its minutes, or the records, or other proceedings *nunc pro tunc.* First, when the case is within some statutory provision; second, when there is something on the face of the proceedings to amend by from which what did take place may be clearly known; and third, in all cases where such amendment will be clearly in furtherance of justice. This language is very broad. If the order was in fact granted, the minutes do not speak the truth, and it is a perversion of justice

Shaw *vs.* Watson.

to deny the correction of this clerical mistake: See sec. 3507. In this case there is plenty on the face of the proceedings to show what was done. Here is the entry by the judge on his docket that the rule was granted. The entry is just the entry the judge would have made had he granted the order. The Code, section 267, paragraph 2, requires the clerk to transcribe upon the minutes the judge's entries on his docket, when not more fully shown upon the minutes. Had the clerk performed this statutory duty no order *nunc pro tunc* would have been required. So that, as the case stands, the object is merely to correct a misprision of the clerk : See the case of *Pierce vs. Bruce,* 38 *Georgia,* 451. The orginal rule *nisi* ·is produced, *verified by the acknowledgment on it of the* opposite party.

It is not necessary that the judge shall sign the orders he grants. The minutes are the evidence of what is done. It is the duty of the judge to have them read, and in no properly conducted court can any order go upon the minutes that is not fully known to the judge. The difficulty of verifying the truth of the grounds of the motion would exist if the order was on the minutes. The defendant is called on to show cause. He may show for cause that the grounds are not true. This is the case in every rule *nisi.* It is for the judge to decide on the hearing. If the same judge hears the showing and the argument, no difficulty can arise as he knows what took place. If it be a different judge, he finds the truth of the facts by the answer to the rule, and such other methods as a wise discretion dictates: See the case of *McKendree vs. Sykes,* 40 *Georgia,* 189. We think there was abundant evidence on the face of the papers and on the docket to show that the order was passed, and what that order was.

2. The judge should have allowed the order to be put on the minutes *nunc pro tunc,* and this being done he should have permitted the parties to show the facts, and have passed upon the merits of the rule.

Judgment reversed.