### CRITTENDEN *v.* SOUTHERN HOME BUILDING AND LOAN ASSOCIATION.

1. A business corporation may make amendments to its by-laws which are not inconsistent with its charter or constitution. Consequently, an allegation in a petition that the defendant, a corporation, made specified amendments to its by-laws does not negative its authority so to do, when there is no allegation that these amendments were contrary to the defendant's charter or constitution.

2. Where given amendments to the by-laws of such a corporation were, under its charter and constitution, allowable, they were not as to a particular stockholder fraudulent or void merely because made without his knowledge, or because he "has never ratified, acquiesced in, or consented to the same."

3. A stockholder who brings an action against a corporation, and in his petition alleges that certain amendments to its by-laws were in violation of his contract with the defendant, must set out the contract with sufficient fullness to enable the court to determine whether or not his allegation is well founded.

4. When the petition in such a case alleges that the plaintiff is entitled under the by-laws to recover a designated amount as the withdrawal value of his stock, it is incumbent upon him to show, by the terms of his contract, that his right to recover such withdrawal value accrued under the contract in connection with the by-laws, and, to do this, it is essential that the terms of the contract be set forth.

5. When a demurrer to a petition is based on several grounds, and the court in terms sustains some of them, and thereupon dismisses the petition, the judgment will be affirmed whether these grounds were well taken or not, if the other grounds of the demurrer were good.

Argued June 15, — Decided July 11, 1900.

Complaint. Before Judge Reid. City court of Atlanta. January term, 1900.

*Malcolm Johnston,* for plaintiff.
*W. A. Wimbish* and *Ligon Johnson,* for defendant.

LEWIS, J.   O. H. Crittenden brought suit in the city court of Atlanta against the Southern Home Building and Loan As-

sociation, alleging defendant's indebtedness to him to be the sum of one thousand and five dollars, principal, besides interest, for money had and received to his use.    The following were substantially the allegations in the petition :    On December 17, 1889, he subscribed for ten shares of the capital stock in said corporation, and paid as a membership fee thereon ten dollars, and dues on said shares $678 in monthly instalments of $6 each, covering a period of 113 months, to wit, from January, 1890, to May, 1899, both inclusive.    On September 1, 1890, he subscribed to five other shares of the capital stock of said corporation, and paid as a membership fee thereon five dollars, and as dues on said five shares $312 in monthly instalments of $3.00 each, covering a period of 104 months, to wit, from October, 1890, to May, 1899, both inclusive, making an aggregate amount of $1,005.    When petitioner subscribed for the stock and made payments on the same, defendant accepted the subscriptions and payments under contract that it was a true building and loan association on the ordinary plan, upon which petitioner relied, and knew nothing to the contrary until since the last payment made by him in May, 1899, since which time he has made no other payments.    He avers defendant is not a building and loan association, first, because it requires members to pay on loans a fixed or arbitrary premium, and not a premium which is the result of free and open competition among the members or of any competition at all; second, because there is a material want of mutuality among the members in the benefits and burdens of the association, in that loans are not made to members tendering sufficient and proper security, as the result of free and fair competition, but arbitrarily by the board of directors; third, in addition to the regular interest charge of six per cent. per annum on loans, some members are required to pay a fixed or arbitrary premium of six per cent. per annum, while others are required to pay a fixed or arbitrary premium of four per cent. per annum only ; fourth, on or about December —, 1897, defendant materially changed several of its most important by-laws, which changes materially violate its contracts with petitioner and a large majority of its members, and alter the relations of its members to each other.    The petition then goes on to briefly mention the changes made in the by-laws, to the ef-

fect, for instance, of abolishing the expense fund, repealing the by-law with reference to time for withdrawal of stock by members, etc. It is alleged that these changes violated defendant's contract with petitioner to his great injury, and his prayer is to recover the money he had paid into the association. There is a second count in the petition for a further cause of action in which plaintiff claims the sum of $1,341.65, besides interest, for the withdrawal value of his stock. It is alleged, the by-laws of defendant provided that stock might be withdrawn upon giving sixty days notice to the association by the stockholder of his intention to withdraw; and that, when withdrawn after seven years and before maturity, the holder shall receive the actual book value of same as shown by the last statement of the division of profits. More than sixty days before the filing of this suit, petitioner filed an application to withdraw his stock, the actual book value thereof, on that date, being $1,341.65. He claims to have perfected his right of withdrawal and complied with all requirements of defendant in the premises, but defendant fails and refuses to pay him the withdrawal value of his stock. He therefore seeks a recovery also of $1,341.65.

To this petition a demurrer was filed upon the following grounds: 1. Petition fails to set forth in sufficient form and detail the alleged contract between him and defendant. 2. Petition avers that the contract between him and defendant is in writing, and fails to state in sufficient detail the nature of the contract and the terms thereof. 3. Petition fails to show any good and sufficient reason why plaintiff, being a stockholder, is entitled to a judgment. 4. Petition fails to show that there are any funds available for payment of withdrawals. 5. Petition fails to show that the withdrawal claim of the plaintiff had ever been reached. 6. Petition fails to show that plaintiff paid his dues so as to entitle him to withdrawal. 7. Paragraph four of petition is argumentative, and conclusions of law, and indefinite and vague, and should be stricken; it contains immaterial matter. Paragraph 6th of the petition is demurred to on the same ground. After argument by counsel, the judge rendered his judgment sustaining the demurrer and dismissing the case under the following order: "Ordered that this demurrer be sustained on the third ground thereof, and the first

count of the declaration is stricken as setting forth no cause of action in favor of the plaintiff. As to the second count, the demurrer is sustained on the fourth, fifth, and sixth grounds thereof, with leave to the plaintiff to amend; and, plaintiff declining to amend under this leave, the second count of the declaration is stricken and the case is dismissed." Upon this judgment error is assigned in the bill of exceptions.

1. After a careful reading of the allegations in this petition on the first count, we fail to see that any cause of action is set forth against the defendant company. There is no allegation in the petition that the dues, premiums, etc., paid by plaintiff were not paid properly and entirely in accord with his obligations under the contract he made with the association. He claims that the association has no right to require members to pay on loans a fixed premium. We know of nothing under the laws of Georgia that prohibits such charge. Under section 8 of the act approved October 19, 1891 (Acts 1890–91, p. 181), it is declared, "That no fines, interest, or premiums paid on loans in any building and loan association shall be deemed usurious, and the same may be collected as debts of like amount are now collected by law in this State, and according to the terms and stipulations of the agreement between the association and the borrower." There is no allegation in the petition that the charge of a fixed premium is in violation of the contract made by plaintiff with the defendant. In 4 Am. & Eng Enc. L. (2d ed.) 1070, it is declared: "Where, however, the statutes make no provision for awarding the loan by competitive bidding, a loan made without bidding is valid." See also N. J. Bldg. Co. v. Bachelor, 54 N. J. Eq. 600, 607. These views also cover the second assignment as to why the corporation is not a building and loan association. As to the allegation that some of the stockholders are charged a fixed premium of six per cent. per annum while others were required to pay only four per cent. per annum, it does not appear that they belonged to the same class of stockholders, nor that such charges are contrary to the charter and constitution of the association. It does not necessarily follow that there is a want of mutuality in this regulation. Mutuality does not imply perfect equality. In building and loan associations it means that each member shall

share alike the profits and losses with all other members of his class. There is nothing in the allegation that the loans were made arbitrarily by the directors. Necessarily the management of all corporations is entrusted to its directors and officers. No fraud or misconduct is charged against the officers of this association; and by their system of loaning money no injury is alleged to the plaintiff, and no loss to the association.

Petitioner further alleges, as a reason why he is relieved from his obligation as a stockholder and is entitled to recover back the money paid by him to the association, that in September, 1897, the defendant materially changed several of its most important by-laws, and made new ones, which materially violated its contract with petitioner and a large majority of the members, and changed the relation of the members to each other. The petition then refers to the changes that were made; but it does not allege that there is a single change made which was not authorized by the charter and the constitution of the association. While it does allege that his contract was violated by such changes, yet he fails to set forth what that contract was, and thus there is a failure to enlighten the court upon such facts as would enable it to determine whether the acts of the association complained of in any wise violated the contract it made with plaintiff. This is made a special ground of demurrer. Even if it were shown (and there is no allegation in the petition that authorizes such conclusion) that the board of directors or other officers of the association, in the change of its by-laws or in any other respect, had exercised powers ultra vires, this in itself would not relieve the members of the association from performing their duties under their contract as stockholders; and if the change in the by-laws referred to in the petition were unauthorized, we can not see what rights this, in itself, gives a shareholder to recover from the association the dues he has paid. In Endlich on Building Associations (2d ed.), § 310, it is declared: "The unlawful departure of a building association from its proper functions in purchasing real estate, even to the extent of changing its character entirely into that of a land society, will not, of course, eo ipso, put an end to its chartered existence as a building association, nor relieve its mem-

bers from obedience to its rules and performance of their duties in the society."

2, 3. It is contended that the amendments to the by-law complained of were void as to the plaintiff, because made without his knowledge, and because he has never ratified or consented to the same. As above stated, there is nothing in the petition to indicate that the amendments to the by-laws were not lawfully made. In Endlich on Building Associations (2d ed.), § 272, it is declared: "But the rule that members of a corporation are bound, in matters pertaining to their rights and duties as such, by every by-law lawfully adopted, results, not from any supposed notice to them of the by-law, but from the implied terms of their agreement of membership; wherefore it is ordinarily quite immaterial whether they had notice of a new by-law or not. The contract of membership carries in gremio the right on the part of the society to alter the by-laws from time to time. It is a right which is given it by statute. A person can not, therefore, become a member on condition, expressed or implied, that the by-laws shall remain as they are at the time of his accession to it, and has no right to presume that they will so remain, or at any time to bind the society by his acting upon the supposition that they have so remained,— beyond this that the fundamental terms of his original contract of membership must continue unchanged, except by his consent." The petition, failing to enlighten the court as to what were the fundamental terms of his original contract, and not setting forth that contract in any of its details, does not show that he has been injured or damaged, or has any right of action against the association to recover the dues he has paid.

4. What has been said in regard to the plaintiff's claim on the first count of his petition applies with equal force to the second count where he seeks to recover a designated amount as the withdrawal value of his stock. It is incumbent upon him to show by the terms of his contract that his rights to recover such withdrawal value accrued under the contract in connection with the by-laws, and hence the absolute necessity that the terms of the contract should be fully and fairly set forth. This right of withdrawal must be regulated by statute or the by-laws of the association. As stated in 4 Am. & Eng. Enc.

L. (2d ed.) 1046: "As the idea underlying the building association requires that the membership continue throughout the life of the body, if a terminating society, and if not, of the series, the member logically has no right to receive any part of his contributions, or of the profits, until that life has terminated. To avoid the evident hardship of the strict application of this rule, a right of withdrawal is generally secured to the members; that is, a right to terminate their membership in the society, with its attendant interests and liabilities, at such time as they may desire, upon the basis of a settlement with the association, wherein they are allowed due credit with the association for the amounts previously paid in by them. No such right exists at common law. It is founded upon statute, charter, by-law, or agreement, the terms of which must be complied with." There is no statute in Georgia conferring such a right, nor does it appear from this petition that it is conferred by the charter of the defendant association, nor is the privilege of withdrawal claimed by the plaintiff under either. His privilege depends entirely upon his contract and the by-laws of the association, and a failure to set them forth is necessarily a fatal defect in his petition.

5. While we do not think the judge in this case put his judgment upon the strongest ground in the demurrer, yet we really think the petition was demurrable on the general grounds. The strongest special ground is the failure of plaintiff to attach and set forth with any particularity whatever the contract upon which he relied for a recovery, which was practically a failure to set forth a cause of action, which would seem to be covered by the general ground. Unquestionably to our minds, however, the ground touching the contract is well taken. As a general rule, when a judgment of court complained of is correct, it will be sustained, although based upon a wrong reason. The judgment in the present case was right, and, in the language of this court in *Summerlin* v. *Hesterly*, 20 *Ga.* 689, "A judgment that is right remains right, notwithstanding that the court rendering the judgment may assign a wrong reason for it." See also *Garner* v. *Keaton*, 13 *Ga.* 431; *Sabattie* v. *Baggs*, 55 *Ga.* 572; *Eve* v. *Crowder*, 59 *Ga.* 799; *Wynn* v. *Wynn*, 68 *Ga.* 820; *Donovan* v. *Simmons*, 96 *Ga.* 340 (3). We think, in the

case at bar, the petition was so clearly demurrable, and the judge having given the plaintiff an opportunity to amend it to conform to the special objections therein made, which he failed to do, that his judgment in dismissing the action was right, and should be affirmed regardless of the ground upon which he based it.    *Judgment affirmed.    All the Justices concurring.*