## LINDER *v.* WHITEHEAD *et al.*

1. The motion to dismiss the writ of error in this case was not well taken.
2. When a petition is demurred to on both general and special grounds, and dismissed upon the former only, the Supreme Court will not, upon a bill of exceptions sued out by the plaintiff, in which he assigns error upon the ruling adverse to him, undertake to pass upon the sufficiency of the special grounds of demurrer. The ruling announced in the fifth headnote to the case of *Crittenden* v. *Association*, 111 *Ga.* 266, will not be extended beyond the special facts upon which it was based.
3. This case is, in principle, controlled by the decision rendered by this court in the case of *Collins* v. *Moore*, 115 *Ga.* 327, an application of which to the facts alleged in the plaintiff's petition requires a reversal of the judgment dismissing the same.

Argued June 25, — Decided August 8, 1902.

Equitable petition. Before Judge Hart. Laurens superior court. January 27, 1902.

*Akerman & Akerman* and *J. S. Adams*, for plaintiff.
*Daley & Bussey* and *T. L. Griner*, for defendants.

LUMPKIN, P. J.   An equitable petition, filed by Linder in the superior court of Laurens county against Whitehead, Hicks, sheriff, the John Flannery Company, and John Flannery, made, in substance, the following case :   On February 22, 1892, Mrs. McCullers gave to the plaintiff her bond conditioned to make to him a title to described land, upon his paying certain specified promissory notes and also paying off certain judgments against J. C. McCullers, deceased, which were liens on the land.   Plaintiff from time to time made payments reducing said indebtedness until some time in the fall of 1894, when there was due by him upon said purchase-money a balance of $700, besides interest.   The notes evidencing this balance were sued to judgment in a justice's court.   Subsequently the plaintiff entered into an agreement with Whitehead, by the terms of which the latter was to pay off the balance due by the former for the land, and he was to transfer to Whitehead the bond for title which had been executed by Mrs. McCullers.   Whitehead also agreed to make to the plaintiff a new bond for title to the land and give him additional time to pay for the same.   Plaintiff delivered to Whitehead the bond for title executed by Mrs. McCullers, but did not transfer the same to Whitehead in writing.   On December 4, 1894, Mrs. McCullers and others, all of whom were heirs at law of J. C. McCullers, executed and delivered to Whitehead a deed to the land mentioned above.   About the time of the execution of the bond for title by Mrs. McCullers, plaintiff went into possession of the land, and has since then been in the open, notorious, adverse, and exclusive possession thereof, and has also erected upon the premises two houses at a cost of $400, and has cleared the land, fenced the same, and kept it in a good state of preservation.   After making the above-mentioned agreement with Whitehead, plaintiff from time to time paid to him "divers sums of money, and has long since paid off and discharged said indebtedness, principal, interest, and costs."   On February 6, 1895, Whitehead executed and delivered to John Flannery & Co., at that time a firm composed of John Flannery and John L. Johnson, of which John Flannery is the survivor, a mortgage for the sum of $1,000, which was duly recorded.   At the July term, 1901, of Laurens superior court, John Flannery & Co. obtained a rule absolute against Whitehead for the principal, interest, and costs then due upon said mortgage, and the fi. fa. issued thereon was, on the second day of

September, 1901, levied upon the land above mentioned, by Hicks, the sheriff of said county. On the fifth day of November, 1901, the sheriff sold the land under said levy, and the same was bid off by the John Flannery Company, to whom the sheriff executed and delivered a deed in pursuance of said sale. Plaintiff's possession of the land at the time of the execution of the mortgage by White-head to John Flannery & Co., and at the time of the sale by the sheriff to the John Flannery Company, was in law sufficient to put them upon notice of the plaintiff's equities in the premises; and he having paid to Whitehead the entire purchase-money for the property, and having made valuable improvements thereon, it would be inequitable not to enforce the oral agreement between the plaintiff and Whitehead for the conveyance of the land in dispute. The John Flannery Company and Hicks, sheriff, are threatening to eject plaintiff from the premises and place some agent of the John Flannery Company in possession thereof. The prayers of the petition were, (1) that Whitehead be decreed to execute and deliver to plaintiff a deed to the land in controversy; (2) that the mortgage from Whitehead to John Flannery & Co. and the deed from the sheriff to the John Flannery Company be decreed to be void as to plaintiff; and (3) that the sheriff and the John Flannery Company be enjoined from interfering with plaintiff's possession of the property.

To this petition separate demurrers were filed by Whitehead, the John Flannery Company and John Flannery. Each demurrer, besides being general, embraced several special grounds. The case came on for a hearing upon the demurrers at the January term, 1902, of the trial court, and an order was passed adjudging "that said demurrers be sustained on the general grounds of want of equity in said bill, and that the bill be dismissed on said general grounds," and, further, that the restraining order previously granted in the case be dissolved. Linder thereupon sued out a bill of exceptions, from which we extract the following: "The court passed an order sustaining both of said demurrers, and dismissing said petition; to which ruling plaintiff excepted and now assigns the same as error."

1. Upon the call of the case here a motion to dismiss the writ of error was made, based on the grounds, (1) that no supersedeas of the judgment rendered was granted by the court below, and that, the John Flannery Company having been put in possession of the

land in dispute, " there is therefore no longer any cause for injunction"; (2) that the specification of error in the bill of exceptions is too uncertain, vague, and indefinite to be clearly understood; and (3) that this specification of error is " at variance with the judgment of the court attempted to be complained of." There is no merit in the first ground of the motion to dismiss, because there is no exception to that portion of the judgment of the superior court dissolving the restraining order, the exception being confined to the action of the court in sustaining the demurrers and dismissing the plaintiff's petition. Besides, the dismissal of the petition would in effect have dissolved the restraining order, whether the order of the judge had expressly so recited or not. Neither is the second ground of the motion to dismiss well taken. The bill of exceptions distinctly recites the fact that the demurrers were filed, and that the court sustained them. The record shows that the court sustained only the general grounds of these demurrers. In view of the recitals in the bill of exceptions, and of the record, there is not the slightest difficulty in ascertaining the precise action of the court below of which complaint is made or in arriving at the question presented by the assignment of error. The third ground of the motion to dismiss is not correct in its recitals of fact. The bill of exceptions states, as we have seen, that the court "passed an order sustaining both of said demurrers and dismissing said petition." The record discloses that this is exactly what happened, and the recital in the bill of exceptions is none the less true because the record further shows that the action of the court in sustaining the demurrers was based exclusively upon the general grounds thereof.

2. Before undertaking to dispose of the case upon its merits, we desire to state that we deem it our duty to confine ourselves to a decision of the only question actually made and presented for our determination by the bill of exceptions, viz.: was the plaintiff's petition good as against a general demurrer? The ruling announced in the fifth headnote to the case of *Crittenden* v. *Association*, 111 *Ga.* 266, does not, we think, constrain us to pass upon the special grounds of the demurrer. That ruling must be interpreted and understood in the light of the facts upon which it was based. It related to the second count in the plaintiff's petition. The first count thereof was stricken on general demurrer. The second count was stricken on designated special grounds; and this court was of the

opinion, not only that the trial court might have based its judgment upon another and stronger special ground, but also upon the ground that the entire petition, including of course the second count, "was demurrable on the general grounds." See remarks of Mr. Justice Lewis on page 272. Accordingly, the opinion was entertained that it would be useless to reverse the judgment and send the case back for another hearing, when, in any view of the petition, it ought to be dismissed. The headnote above specified which, as stated, embraces what this court ruled with respect to the second count, is couched in more general terms than was necessary, and we do not now think it should be extended beyond the special facts with which it deals. Some of us, including the writer, are, however, of the opinion that in the *Crittenden* case this court ought to have confined itself to passing upon those grounds only of the demurrer upon which the court below actually ruled. In view of the definite mandate embraced in section 5584 of the Civil Code, which was codified from the Supreme Court practice act of November 11, 1889 (Acts of 1889, p. 116), that "the Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions," it would seem that this court is not at liberty to institute a general search into the contents of a record with a view to upholding a judgment "*if it is right for any reason,*" but should confine itself to deciding such questions only as are specifically made and presented for its determination either by a main bill or a cross-bill of exceptions. Be this as it may, we all now agree that the present case ought to be disposed of on the line indicated in the second of the preceding headnotes. When it comes up for another hearing, the court below may yet do what it has not heretofore done, viz.: pass upon the special grounds of the demurrers.

3. We have without serious difficulty reached the conclusion that the court erred in sustaining the general grounds of the demurrers. Mrs. McCullers having been paid in full for the land, and the same having been conveyed to Whitehead, the case stood as if Linder had really purchased from Whitehead and had a perfect equity. As the petition does not show when the last of the purchase-money was paid, it does not affirmatively appear that Linder could have filed and maintained a claim for the purpose of preventing the sheriff's sale. The case upon its facts is very simi-

lar to the recent one of *Collins* v. *Moore,* 115 *Ga.* 327. Apply-ing what was there decided to the case before us, it should have been held by the trial court that as Linder remained all the while in possession, thus putting the Flannery Company and all the world on notice of his equities in the premises, it was his right to com-plete his contract of purchase with Whitehead without regard to that company's mortgage and the sale thereunder, and to this end was, under the facts alleged, entitled to the equitable relief for which he prayed.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*