LOVELACE, administratrix, *v.* BROWNE *et al.*

BECK, J. 1. The court below on March 18, 1905, by an order duly passed, having sustained a special demurrer to defendants' plea, and having in the same order allowed defendants additional time within which to file an amendment to the plea, which time for amendment was by verbal orders still further extended, it was not error for the court at a subsequent term, on September 23, 1905, to allow an order to be taken nunc pro tunc, giving the additional time as provided in the verbal orders theretofore granted, over the objection of the plaintiff that the "defendants had had sufficient time for amendment, and that the time should not be extended.

2. The court having rendered a judgment sustaining a special demurrer to the plea, and having embraced in the judgment the order allowing time for filing the amendment referred to in the preceding headnote, the subsequent order extending the time had the effect of preventing said judgment from becoming conclusive as against the defendants until after the expiration of the period of the time within which they were to amend, under the terms of the order.

3. The suit having been brought against Browne, and Browne & Simpson and the insurance company, as principals, upon amendment to the petition showing that Browne and Browne & Simpson, who signed the contract sued on, were agents of said company, and that the company had ratified the execution of the contract, it was proper for the court to dismiss the action as to Browne and Browne & Simpson, upon motion

made by them at the term when the amendment was allowed, or at a subsequent term. *Lippincott* v. *Behre,* 122 *Ga.* 543; Huffcut on Agency (2d ed.), 61.                *Judgment affirmed. All the Justices concur.*

Argued May 29,—Decided November 16, 1906.

Complaint. Before Judge Reid. City court of Atlanta. December 8, 1905.

The action was against the Missouri State Life Insurance Company, Browne, and Browne & Simpson, for breach of contract. The contract recites that it is "between N. B. Browne, of Atlanta, Ga., General Agent of the Missouri State Life Insurance Company, of St. Louis, . . and Edwin Lovelace;" and it is signed by "Browne & Simpson, successors to N. B. Browne, General Agent." The plaintiff, by amendment to the petition, alleges that the contract was ratified by the insurance company, and treats it as the contract of the company. Browne and Browne & Simpson demurred to the petition, on the ground that the cause of action was not against them, but was against the insurance company. The court sustained the demurrer and dismissed the case as to Browne and Browne & Simpson. To this, and to the nunc pro tunc order dealt with in the first division of the foregoing decision, the plaintiff excepted.

*W. H. Terrell* and *Edgar Latham,* for plaintiff.

*Hirsch & Haas,* for defendant.