DeVANE et al. v. FAMBROUGH.

LUMPKIN, J. 1. Although an equitable petition may include a prayer for interlocutory injunction in connection with other prayers, where the petition is dismissed on demurrer such dismissal may be brought to this court for review by ordinary bill of exceptions, and a motion to dis-

miss because it should have been brought here by fast writ of error will be denied.

2. It is not within the power or jurisdiction of a city court to grant affirmative equitable relief, such as the reformation in important particulars of a written contract unambiguous in its terms, and which does not suggest on its face that anything was omitted therefrom.

3. Therefore, where personal property was conveyed by a written bill of sale with warranty of title, and subsequently the vendor brought an action of trover in a city court against a firm, who held the property as transferees, with warranty from the vendee, to recover certain articles not specified in the bill of sale, and the vendee and the firm claiming under him filed an equitable petition, alleging that it was the intention of the parties to include the property involved in controversy in the bill of sale, but it was omitted therefrom by mutual mistake, and praying that the instrument be reformed accordingly, that the action in the city court be restrained, that all matters in controversy be determined and adjudicated in the superior court, and for general relief, was not subject to demurrer, and it was error to dismiss it on the ground that the plaintiff had an adequate and complete remedy at law in the city court. *English & Co.* v. *Thorn,* 95 *Ga.* 557 (23 S. E. 843).

(a) The presiding judge having expressly based his order of dismissal on the ground stated, the other grounds of the demurrer will stand as not having been passed on.

　　　　　　　*Judgment reversed. All the Justices concur.*

　　　　　　Argued May 7,—Decided November 19, 1909.

Equitable petition. Before Judge Mitchell. Berrien superior court. September 21, 1908.

*Smith & Foy* and *Edwin L. Bryan,* for plaintiffs.

*Hendricks & Christian,* for defendant.