ROGERS *v.* TAINTOR, guardian, *et al.*

No. 15133.   APRIL 3, 1945.

194

*A. E. Wilson,* for plaintiff in error.

*Howard, Camp & Tiller* and *Morgan Belser,* contra.

WYATT, Justice.  When the petition for compensation was filed by the receivers, the plaintiff in error in his response contended: "(1) Defendant avers that the funds in the hands of said receivers is his personal property, and he contends is not subject to costs in this case for the reason there has been no final

adjudication of the many issues involved therein. (2) Defendant further alleges that said receivers were appointed upon an ex parte presentation of said case. He respectfully contends that, had he had an opportunity of being heard prior to the appointment of receivers, the probability is that no receiver would have been appointed, as practically all of his property of material value was real estate, and the pendency of plaintiff's suit with an injunction would have preserved such property for the protection of plaintiff in the event of recovery. (3) Defendant further avers that there are many other issues involved in said case yet undecided which, he submits, are controlling. For instance, upon the trial of said case, it developed that plaintiff was a non-resident of the State of Georgia, residing in the State of California. It is contended by this defendant that the appointment of plaintiff as guardian by the Fulton court of ordinary was void for the reason that he, plaintiff, is a non-resident, and that his appointment by the court of ordinary was contrary to the laws of Georgia, as said court is without extraterritorial jurisdiction. Defendant therefore avers that, should this contention be upheld by the court, all costs incident to the receivership would fall upon plaintiff. (4) Defendant further avers that subsequent to the appointment of receivers in said case, a jury trial was had therein, which resulted in a verdict and judgment in his favor, and while said judgment and verdict was set aside upon appeal to the Supreme Court, nevertheless such reversal was not based upon the evidence, but upon an alleged error of the trial judge in his instructions to the jury. (5) Defendant respectfully contends, in view of these facts and circumstances, that the time is inopportune to pass upon the question of fees for said receivers, and he respectfully submits that further action therein should be stayed pending final adjudication of the many issues involved." The argument is made in this court that the judgment awarding receivers' fees "constitutes an abuse of the court's discretion in awarding fees against his funds for the following reasons: (1) Because it appears from the petition filed by Charles E. Taintor as guardian that he had an adequate remedy at law, and hence was not entitled to a receivership; (2) because it appeared from the original petition filed by Taintor as guardian that Henry T. Rogers, plaintiff in error, obtained his discharge from the court of ordinary of Fulton County,

a court of competent jurisdiction, and no allegations were made in the original petition that this judgment of discharge from the court of ordinary was obtained by fraud, nor was there any prayer asking that the judgment of the court of ordinary be set aside; (3) because the question of costs could not be equitably determined until the case was finally terminated; and (4) because the award made to Morgan Belser, one of the temporary receivers, was excessive and contrary to law with reference to the amount of compensation payable to receivers." The bill of exceptions excepts to the judgment "as being contrary to law and an abuse of the court's discretion." The effect of this assignment of error is to bring before this court for review the questions, and only the questions, passed upon by the trial court. "This court sits to review rulings of the trial courts, and it will not pass upon questions on which no ruling has ever been made by the trial judge." *Ballard* v. *Waites,* 194 *Ga.* 427, 430 (21 S. E. 2d, 848). See also *Haynes* v. *Thrift Credit Union,* 192 *Ga.* 229 (3), 233 (14 S. E. 2d, 871); *Blount* v. *Metropolitan Life Insurance Co.,* 190 *Ga.* 301, 304 (9 S. E. 2d, 65); *McIntire* v. *McQuade,* 190 *Ga.* 438 (9 S. E. 2d, 633); *Groover* v. *Simmons,* 161 *Ga.* 93 (129 S. E. 778). From what has been said herein, it appears that the first two questions raised by the plaintiff in error, to wit, that the plaintiff in the court below had an adequate remedy at law, and that the defendant in the court below had obtained his discharge as guardian from the court of ordinary, are questions not raised or presented in the trial court, but are raised for the first time by the plaintiff in error in his brief filed in this court. These questions, therefore, are not properly presented to this court, and will not be ruled on.

■ It is contended that the judgment of the trial court awarding compensation to the receivers is erroneous for the reason that the case was not finally terminated. This court, in *Capital City Tobacco Co.* v. *Anderson,* 138 *Ga.* 667 (2) (75 S. E. 1040), said: "In an equitable action it is the province of the judge to determine upon whom costs shall fall; and this determination will not be reversed, unless the discretion of the judge be abused. Civil Code, § 5423, and cases cited in *Epps* v. *Thomas,* 131 *Ga.* 65 (61 S. E. 1117); *Fitzpatrick* v. *McGregor,* 133 *Ga.* 332 (4), 344 (65 S. E. 859 [25 L. R. A. (N. S.) 50]). . . The receiver having performed all his duties, for which compensation was allowed him in

the order, there was no reason why he should have been required to wait until the case had been disposed of before an order should be passed for the payment of his fee; and the judge was not without jurisdiction to grant the order when he passed it." There is no merit in this contention.

■ The plaintiff in error contends that the compensation allowed the receivers "was excessive and contrary to law with reference to the amount of compensation payable to receivers." It is contended that the compensation should have been limited to the scale of fees provided for in the Code, § 55-315. This section, after setting out the scale of fees to be allowed receivers, provides: "Provided, that in case the business of an insolvent person, firm, or corporation shall be continued and conducted by a receiver, the judge may allow compensation for such services in lieu of commissions as may be reasonable, not exceeding the compensation paid by persons in the usual and regular conduct of such business: provided further, that in all cases the presiding judge, or other competent tribunal, shall allow such compensation to the attorney or attorneys filing the original petition, and the receiver or receivers appointed thereunder, as their services are reasonably worth." The petition in the instant case alleged that the defendant was insolvent. Whether in fact he was or was not insolvent is not otherwise mentioned in the record. The actual cash handled by the receivers is shown in the record, and appears to have consisted mainly of rentals collected. The character or value of the property handled by the receivers does not appear. The receivership continued over a period of approximately four years. We can not say, under these circumstances, that the trial judge abused his discretion in the amount of compensation allowed the receivers.    *Judgment affirmed. All the Justices concur.*