SOUTH VIEW CEMETERY ASSOCIATION *v.* HAILEY,
Chairman, *et al.*

No. 15193.   JULY 3, 1945.

*Mary J. Payne* and *William F. Buchanan,* for plaintiff.

*James F. Cox, W. S. Northcutt,* and *E. Harold Sheats,* for defendants.

JENKINS, Presiding Justice. 1. The Code, § 19-101, provides as follows: "The writ of certiorari shall lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers, including the ordinary, except in cases touching the probate of wills, granting letters testamentary and of administration; also from the Supreme Court to the Court of Appeals as provided by section 2-3009."

2. The performance of judicial acts under authority conferred upon courts is judicial in character, while the performance of judicial acts under authority conferred upon other persons, boards, or tribunals is quasi-judicial. Just as the authorized acts and functions of courts may or may not be judicial in character, so the authorized acts and functions of other officers or bodies may or may not be quasi-judicial in character, according to whether or not the character and nature of the authorized function and the authorized manner and method of its performance are made so by competent authority.

3. The chief distinction between a legislative and judicial function is that the former sets up rights or inhibitions, usually general in character; while the latter interprets, applies, and enforces existing law as related to subsequent acts of persons amenable thereto. An example of delegated legislative authority may be seen in many of the authorized functions of public-service commissions.

4. It has often been said in effect by various courts of the country that the basic distinction between administrative and judicial acts is that in the former case the law has prescribed and defined the duty to be performed with such precision and certainty as to leave no room for the exercise of judgment or discretion; whereas in the latter case the act to be done does involve the exercise of judgment or discretion. Burnam *v.* Terrell, 97 Tex. 309 (78 S. W. 500), quoting Commissioner of General Land Office *v.* Smith, 5 Tex. 471, 479; Rainey *v.* Ridgway, 151 Ala. 532 (43 So. 843), citing Flournoy *v.* Jeffersonville, 17 Ind. 169 (79 Am. D. 468); Tennessee & C. R. Co. *v.* Moore, 36 Ala. 371; Morton *v.* Comptroller General, 4 S. C. 430; Commissioner of General Land

Office *v*. Smith, supra; Life & Fire Ins. Co. *v*. Wilson, 33 U. S. (8 Pet.) 291 (8 L. ed. 949); State ex rel. Higdon *v*. Jelks, 138 Ala. 115 (35 So. 60). This might well be true in so far as the acts pertain to the normal powers and functions of courts. But our own courts do not appear to recognize any such far-reaching and all-embracing distinction, as related to the acts of other officers and tribunals. *Southeastern Greyhound Lines* v. *Georgia Public Service Commission*, 181 *Ga.* 75, 77 (181 S. E. 834, 102 A. L. R. 517). Such an executive officer is not a mere automaton. In the exercise of his administrative duties he may find it necessary, advisable, and proper to acquaint himself with the facts involved, and more often than not he should, and does, bring to bear in the performance of his administrative duties both judgment and discretion. But such an investigation, if any, is ex parte or voluntary, and the conclusion which his judgment and discretion impels, and which is evidenced by his administrative act, does not take the form of a judgment between parties litigant after an orderly trial in accordance with judicial procedure. Thus it appears that the basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure; and that no one deprived of such rights is bound by the action taken. Armstrong *v*. Murphy, 65 App. Div. 126 (72 N. Y. Supp. 475); Flournoy *v*. Jeffersonville, supra; Arkle *v*. Board of Commissioners, 41 W. Va. 471 (23 S. E. 804); Merchants' National Bank *v*. Jaffray, 36 Neb. 218 (54 N. W. 258, 19 L. R. A. 316); Board of Commissioners *v*. Northern Pac. R. Co., 10 Mont. 414 (25 Pac. 1058).

(a) In determining whether or not a proceeding be judicial in character, the question hinges not on whether the parties at interest were in fact given opportunity to be heard, since an officer cannot clothe himself with unauthorized judicial powers by mere voluntary compliance with the forms of judicial procedure, but the test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure.

(b) If a person or tribunal has the right under proper delegated authority to act in a judicial capacity, the character of

such a judicial procedure, when had as prescribed, is not impaired because under the law such tribunal might have had the alternative right to act ex parte without a trial, but refused to exercise such -right. *Daniels* v. *Commissioners of Pilotage,* 147 *Ga.* 295, 302 (93 S. E. 887); *Asbell* v. *Brunswick,* 80 *Ga.* 503 (3) (5 S. E. 500); *Carr* v. *Augusta,* 124 *Ga.* 116 (52 S. E. 500).

5. Applying the foregoing principles of law to the facts presented by the present record as hereinbefore outlined, it does not appear that the quoted act of the General Assembly, giving the county commissioners in certain counties the power to grant or refuse permission to establish cemeteries outside the limits of incorporated towns, conferred upon such commission the duties and functions of a court, so that the writ of certiorari might issue from its action taken upon any such application. Rather does it appear from the meager terms of the statute, which fails to provide for notice or hearing, that, just as in *Daniels* v. *Commissioners of Pilotage,* supra, its action was "but merely entertainment and refusal of a request pertaining to the executive duties of the commission." As already stated, the fact that there was a trial, where none was authorized under the law, could not operate to change the nature and character of the procedure. See, as to the nature and character of acts which are merely administrative, *Hallman* v. *Atlanta Child's Home,* 161 *Ga.* 247 (130 S. E. 814), in which it appears that a hearing was had; *Wofford Oil Co.* v. *Calhoun,* 183 *Ga.* 511 (189 S. E. 5), in which it also appears that a hearing and argument were had; *Southeastern Greyhound Lines* v. *Georgia Public Service Commission,* supra, in which the right of certiorari was denied by a divided bench, even though the act of the legislature prescribed that "any final order may be reviewed in any court of competent jurisdiction." In the case involving a permit to Blackman Health Resort (*City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499, 113 S. E. 545), in which the right of certiorari was recognized, it appears that a trial not only was had, but was had under and in accordance with the form and manner prescribed by the mandatory provisions of the city charter.

6. The Code, § 64-101, provides as follows: "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due per-

formance, if there shall be no other specific legal remedy for the legal rights."

7. While the general legal import of the word mandamus implies superior power, and is used to require action when there has been inaction on the part of a public officer charged with a duty to act, and while the writ cannot ordinarily be employed to control a discretion vested in such an officer by directing what his action shall be, or in effect to reverse his action in the orderly exercise of such discretion, the exception to this general rule is where there is no other legal remedy available, and where there have been such an arbitrary and capricious use and such gross abuse of discretion as will in effect amount to a failure on the part of the officer to exercise his discretion at all. *Board of Commissioners of Walton County* v. *Robinson,* 160 *Ga.* 816 (129 S. E. 73). In *Wofford Oil Co.* v. *Calhoun,* 183 *Ga.* 511 (supra), this court used language which seems to go even further than the rule just stated, for in that mandamus case it was held by a divided bench as follows: "If the applicant is for any reason entitled to a permit, and the remedy of certiorari is beyond his reach, because there has been no judgment from which he can take certiorari, it would seem clear that there would be such a 'defect of justice' as would entitle him to a mandamus to compel the granting of the permit for the erection of a building of the character and description set forth in the petition as amended." Accordingly, in the instant case, if the petition shows that the commissioners arbitrarily and capriciously refused the grant of the permit applied for, so that their action in so doing amounted to a gross abuse of the discretion which the exercise of their administrative function called for, the petitioner would be entitled to invoke the remedy of mandamus, that being the only method of relief available.

8. The Supreme Court is a court for the correction of errors, and has no original jurisdiction. Code, §§ 2-3005, 24-3901. "It will not pass upon questions on which no ruling has ever been made by the trial judge." *Bourquin* v. *Bourquin,* 110 *Ga.* 440, 442 (35 S. E. 710); *Blount* v. *Metropolitan Life Ins. Co.,* 190 *Ga.* 301, 304 (4) (9 S. E. 2d, 65). While it is true that a court does not and cannot divest itself of its duty and responsibility to decide the various questions presented by merely picking out one question as sufficiently controlling and basing its ruling thereon,

but will ordinarily be presumed to have passed on all the questions properly presented *which under its own ruling it was possible for it to adjudge,* and that it follows from what has just been said that, "when a demurrer to a petition is based on several grounds, and the court in terms sustains some of them, and thereupon dismisses the petition, the judgment will be affirmed whether these grounds were well taken or not, if the other grounds of the demurrer were good" (*Crittenden* v. *Southern Home &c. Loan Assn.,* 111 *Ga.* 266 (5) (36 S. E. 643), and numerous cases cited—this does not mean, however, that, when the court on general demurrer affirmatively adjudicates that the remedy resorted to is unavailable and dismisses the petition as being without *jurisdiction* to determine its merits, it will be taken nevertheless to have passed upon the merits of the petition under its allegations, since by such ruling the court necessarily adjudicates that it not only does not, but could not, pass upon the merits of the questions raised. There is no reason whatever to assume that the court intended to go, or did go, out of its way to adjudicate, in the nature of a declaratory judgment, what it *would* have decided if, contrary to the ruling actually made, it had held that it did have jurisdiction to pass upon the merits. Its ruling, until altered or reversed, that it had no jurisdiction to entertain the procedure, *bound it like everyone else as the law of the case. Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659). The first ground of the general demurrer, though couched merely in general terms, itself raised the question of jurisdiction (*Ruis* v. *Lothridge,* 149 *Ga.* 474 (2), 100 S. E. 635) ; whereas the second ground raised the question of jurisdiction in specific terms. The court sustained the general demurrer and dismissed the petition, specifically holding that it had no jurisdiction to entertain the procedure. . It did not attempt to go further and say what it would have done had it ruled otherwise on that question. The ruling on the jurisdictional question being the law of the case until reversed, it would seem that even had the judge plainly endeavored to transgress his authority by ruling on questions which under his judgment were beyond his jurisdiction, his action in so doing would have been nugatory. *Ponce* v. *Underwood,* 55 *Ga.* 601 (2). The principle here announced has already been established by the ruling in *DeVane* v. *Fambrough,* 133 *Ga.* 471 (66 S. E. 245), where it was held by a unanimous bench that

"it is not within the power or jurisdiction of a city court to grant affirmative equitable relief, such as the reformation in important particulars of a written contract unambiguous in its terms, and which does not suggest on its face that anything was omitted therefrom. . . The presiding judge having expressly based his order of dismissal on the ground stated, the other grounds of the demurrer will stand as not having been passed on." This rule in the *DeVane* case will be followed, even though in a subsequent case (*Daniels* v. *Commissioners of Pilotage,* supra), the court without apparently making any contrary adjudication may have followed a contrary procedure.

9. In accordance with the foregoing principles of law, the judgment of the trial court in dismissing the petition on general demurrer for the reason that certiorari and not mandamus was the only remedy which plaintiff might properly invoke, is reversed; and direction is given that the petition be considered on its merits, in accordance with the provisions of the Code, §§ 64-107—64-109, inclusive. These sections provide as follows: "Upon the presentation of an application for mandamus, if the mandamus nisi shall be granted, the judge shall cause the same to be returned for trial not less than 10 nor more than 30 days from said date; the defendant to be served at least five days before the time fixed for such hearing. If the answer to said mandamus nisi shall involve no issue of fact, the same shall be heard and determined in vacation, unless court shall then be in session, when it may be determined in the superior court." § 64-107. "If an issue of fact shall be involved in said cause, it shall be in order for trial upon the first day of the next term of the superior court as other jury causes are tried. If the superior court shall be in session, or shall be taking a recess at the time fixed for trial in the mandamus nisi, the same shall stand for trial at the then present term." § 64-108. "If an issue of fact shall be involved, it may be heard by the judge in vacation upon the consent of all parties." § 64-109.

*Judgment reversed, with direction. Bell, C. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*