## 34962.   HANOVER FIRE INSURANCE COMPANY OF NEW YORK *v.* SCROGGS.

DECIDED JUNE 23, 1954—REHEARING DENIED JULY 27, 1954.

*A. C. Wheeler, Wheeler, Robinson & Thurmond,* for plaintiff in error.

*Stow & Andrews, Robert E. Andrews,* contra.

QUILLIAN, J. The sole exception contained in the bill of exceptions is to the last order of the court overruling the defendant's objections to the allowance of the last amendment, and overruling the renewed demurrers to the petition as amended. Therefore, no question is presented as to the sufficiency of the petition prior to the last amendment to withstand the demurrers of the defendant, and no question as to the propriety of the court's previous orders overruling the demurrers is for our consideration.

■ The sole objection to the allowance of the last amendment is that "counsel for plaintiff was afforded an opportunity to present an amendment before the original order of dismissal was entered . . . and after the order of dismissal was signed on the ground that the plaintiff's petition failed to state a cause of action there was nothing left to amend by and the amendment as now offered comes too late."

This objection to the allowance of the amendment overlooks the fact that the previous order of the court sustaining the general demurrer expressly provided, in its amended form, that the plaintiff should have the right to amend within the time in which the amendment was offered. That the court had the right so to amend its order and to allow time in which the plaintiff could perfect his petition, is not open to question. *Shaw* v. *Watson,* 52 *Ga.* 201, 202; *Lovelace* v. *Browne,* 126 *Ga.* 802 (1, 2) (55 S. E. 1041); *Jolly* v. *McAdams,* 135 *Ga.* 833 (1) (70 S. E. 254); *Hunter* v. *Gillespie,* 207 *Ga.* 574 (63 S. E. 2d 404); *Whitlock* v. *Wilson,* 79 *Ga. App.* 747, 748 (54 S. E. 2d 474). It was not otherwise erroneous for the court to permit the amendment to the petition if there was enough in the petition to amend by. Code § 81-1301. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Code § 81-1302. The petition in the instant case, as

amended prior to the last amendment contained enough to amend by under the rules just stated. It is not essential that a petition *state* a cause of action or be not subject to general demurrer in order to be amendable. It is sufficient if it shows some particular fact or transaction *as a cause* of action. The petition in this case prior to the last amendment filed contained enough to amend by under the foregoing rules, and it follows that the trial court did not err in overruling the objections to the allowance of the amendment last filed.

■ All of the grounds of general and special demurrer, as set forth in or renewed by the demurrers last filed, and those of the renewed demurrers, the objections raised by which are not cured by amendments later filed, attack the petition on the ground that it fails to set forth a cause of action 'in that it does not show that the plaintiff has sustained a loss within the meaning of the policy with reference to making proofs of loss, and does not set up facts sufficient to show a waiver of proof of loss.

Ordinarily a general demurrer which merely attacks a petition on the ground that it fails to set forth a cause of action without specifying wherein or how the petition is deficient, is sufficient to raise any and all reasons that might be advanced as grounds for holding the petition invalid. Where, however, it affirmatively appears from the record that the demurring party urged that the petition set forth no cause of action only for certain stated reasons, upon a review of the judgment overruling such demurrer, this court will consider only the specific reason or reasons urged in the trial court as to why no cause of action is set forth. *Saliba* v. *Saliba*, 202 *Ga.* 791, 795 (44 S. E. 2d 744). This is but a specific application of and necessarily follows from the general and well-established rule that only those questions presented for the consideration of the trial court will be considered on appeal, and no question upon which the trial court was not given an opportunity to rule, and no question which it appears is presented for the first time in the appellate court will be considered. *Lunsford* v. *Ferrell*, 85 *Ga. App.* 37, 41 (2) (68 S. E. 2d 153); *Rogers* v. *Taintor*, 199 *Ga.* 192, 196 (33 S. E. 2d 708).

There is a line of decisions giving pronouncement to the time-honored rule that where a general demurrer is sustained, though on the wrong ground, the appellate court will peruse the record

■

to find a ground of demurrer upon which a valid judgment sustaining the demurrer could be based. One case notable among these is that of *Crittenden* v. *Southern Home Building & Loan Assn.*, 111 *Ga.* 266 (5), 272 (36 S. E. 643). This case is followed in numerous recent cases, among which is the case of *South View Cemetery Assn.* v. *Hailey*, 199 *Ga.* 478, 483 (34 S. E. 2d 863).

That the appellate courts will not search the record for other grounds than those presented by demurrer in the trial court, in order to reverse the judgment of the trial judge in overruling the demurrer, is also a well-established rule.

While there is no conflict in these two lines of decisions, our Supreme Court in the case of *Linder* v. *Whitehead*, 116 *Ga.* 206, 210 (42 S. E. 358) made the difference plain by showing that one was based upon the idea that if the trial court is right for any reason though it assign the wrong reason for its ruling, its judgment should not be reversed, while the other is based upon the principle that appellate courts only review rulings that are made in the trial courts and do not look through the record with a view to finding some reason to reverse their judgments. In the *Linder* case it is said: "In view of the definite mandate embraced in section 5584 of the Civil Code [1895], which was codified from the Supreme Court practice act of November 11, 1889 (Acts of 1889, p. 116), that 'the Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions,' it would seem that this court is not at liberty to institute a general search into the contents of a record with a view to upholding a judgment 'if it is right for any reason,' but should confine itself to deciding such questions only as are specifically made and presented for its determination either by a main bill or a cross-bill of exceptions."

Under the foregoing rules, the contention of the plaintiff in error which is urged in the brief of counsel that the first count of the petition fails to state a cause of action because it ineffectually attempts to negative an anticipated defense of the defendant cannot be considered because it does not appear from the record that any such contention was made by the demurrers interposed in the petition or in any other manner presented to or passed upon by the trial court.

■ We next come to consider whether the petition as finally

amended stated a cause of action, and under the state of the record before this court this question involves only whether the petition, conceding that it fails to allege compliance by the plaintiff with the requirements of the policy respecting the making proofs of loss, alleges facts sufficient to show a waiver of the formal sworn written proof of loss required under the terms of the policy, and whether the petition shows that the plaintiff has sustained a loss within the terms of the policy.

As to the first of these issues it is sufficient to say that each count of the petition alleges that the plaintiff furnished to authorized agents of the company, including one sent by the company to investigate, secure information about, and adjust the plaintiff's loss, all the information he had concerning the loss, and that in each case after securing such information, and without affording the plaintiff any opportunity to submit further proof of loss, or making any objection to the form or sufficiency of the proof of loss submitted, the agent denied the company's liability and refused to pay the loss. Under the rule that an absolute refusal to pay shall waive a compliance with the preliminaries respecting notice and proof of loss (Code § 56-831), and under the rule, represented by such cases as *Corporation &c. Assurance v. Franklin,* 158 *Ga.* 644, 653 (124 S. E. 172, 38 A. L. R. 626), and *Life Ins. Co. v. Williams,* 48 *Ga. App.* 10 (172 S. E. 101), that limitations contained in the policy on the authority of agents, officers, etc., of the company to bind the company by waiver, etc., have reference to only those provisions of the policy which enter into or form a part of the contract itself and have no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice and furnishing preliminary proofs, both counts of the petition stated a cause of action and the trial court did not err in overruling the general demurrer. We have carefully studied the cases cited and relied on by the plaintiff in error, and we find that they do not require a ruling different from that now made.

As to the contention that the petition fails to show that the plaintiff has sustained a loss coming within the terms of the contract of insurance, one count of the petition alleges that an automobile covered by the terms of the policy and owned by the plaintiff was stolen, and the second count shows that the same

automobile was wrecked by a collision and damaged in a specified sum. The petition together with the exhibit attached thereto shows that the defendant insurance company issued to the plaintiff a policy of automobile insurance covering certain automobiles held for sale by the plaintiff at his used-car sales lot at a specified location in Gainesville. The allegations of the petition itself when considered with the provisions of the policy embodied in the exhibit sufficiently show that the plaintiff has sustained a loss within the terms of the policy.

The Judge of the City Court of Hall County did not err in overruling the demurrers to the petition as amended.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment and in all of the rulings by the majority except the implied ruling that the petition anticipated a defense. I do not think the petition anticipated a defense. It merely alleged a refusal to pay by the defendant and recited the reason given by the defendant for the refusal. The reasonable intendment of the allegation was only that there was an absolute denial of liability. I do not agree that this court is limited in its consideration of a ruling on a general demurrer to the specific reasons stated in the general demurrer (*Saliba v. Saliba,* 202 *Ga.* 791), except where the specific reason is lack of jurisdiction and the demurrer is sustained specifically on that ground. *South View Cemetery Association v. Hailey,* 199 *Ga.* 478.