## 20620. O'QUINN v. MAYOR & COUNCIL OF HOMERVILLE.

DECIDED FEBRUARY 13, 1931.

*Little & Dickerson,* for plaintiff in error.

*Morgan & Johnson,* contra.

JENKINS, P. J. "Neither the superior court nor this court can consider questions raised in a petition for certiorari that were not before the trial judicatory." *Duren* v. *Thomasville,* 125 *Ga.* 1 (3) (53 S. E. 814). The instant petition for certiorari, brought to review a judgment entered in a proceeding before the mayor and council of a municipality ordering the abatement of a nuisance, assigns error upon such judgment on the ground that the proceeding was a nullity because of the absence of a proper party plaintiff; that the proceeding was invalid because no ordinance of the town giving the mayor and councilmen power to hold such court existed; that one of the councilmen was disqualified because he had on a previous occasion made a motion that no license be granted plaintiff in certiorari to operate the bowling alley in question; that the action of the city council was void and unenforceable, for the reason that it was unjust, discriminatory, oppressive, and ultra vires; that the governing authorities of the city did not have authority to attempt the proceeding attempted in the case; that the action of the city council was violative of the provision of the constitution of the State of Georgia embodied in section 6359 of the Code of Georgia; that the action complained of was taken while there was in force an injunction proceeding restraining the mayor and city council from interfering or molesting the petitioner in any way; and that no ordinance of the town existed which authorized the

mayor and council to enter into any proceeding of such character. It does not appear from the petition for certiorari that such questions were presented to the trial judicatory, and, under the ruling quoted, such questions could not be considered by the trial court, and can not be considered by this court.

2. The assignment of error upon the judgment abating the alleged nuisance, on the ground that the notice to the defendant was insufficient, is incomplete, in that the notice served upon the defendant is not set forth by the petition for certiorari, either in form or in substance, and no copy thereof is attached to the petition. Likewise, the assignment of error upon the ground that "none of the witnesses produced before the mayor and council were legally sworn" is insufficient; in that it is not stated that no oath was in fact administered to such witnesses, and if an oath was in fact administered its nature or by whom it was administered does not appear.

3. Under the provisions of the Civil Code (1910), § 5331, if a nuisance exists in a town or city having less than 20,000 population, and "under the government of a mayor, intendant, aldermen, wardens, or a common council, or commissioners, such nuisance, by and with the advice of said aldermen, wardens, council, or commissioners, may be abated and removed by order of said mayor, intendant, or commissioners."

4. In the instant case, where the nuisance which it was sought to abate was a bowling alley, there was evidence that the place was kept open until late at night; that it frequently was open on Saturday night until after twelve o'clock; that the game was noisy at best, and frequently players would hurl balls, sometimes hitting the ceiling of the room and sometimes breaking window glasses; that a crowd of people made the bowling alley their "hang out," and were there "usually day and night;" that minors and schoolboys were permitted to hang around the place and bowl, and could be found there all days of the week; that a large percentage of those playing were minors and schoolboys, and that loud talking and cursing could be heard in the place; and finally one witness testified that "the reputation of the place was bad, and that it tended to corrupt the manners and morals of the people of the town, especially the boys," and that from what he had seen of the place he considered it a public nuisance. While the evidence last stated was in

the nature of a conclusion, it has been held that "an opinionative statement of a witness, even though it be a conclusion unsupported by such facts as are necessary to" show its correctness, "where no objection is urged thereto upon the trial, can not be challenged for the first time upon review, as incompetent and insufficient." *Hutchinson* v. *State*, 8 *Ga. App.* 684 (1), 685 (70 S. E. 63) ; *Bull* v. *Carpenter*, 32 *Ga. App.* 637, 640 (124 S. E. 381). In view of all the testimony, including that last quoted, it can not be said as a matter of law that the evidence on the question as to how this particular business was conducted did not authorize a finding that it constituted a public nuisance, or that the order of the mayor and council for its abatement as such was contrary to law as being without evidence to support it.

5. Under the foregoing rulings, the court did not err in withholding sanction of the petition for certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*