37823. FITZGERALD *v.* MAYOR &c. OF SAVANNAH.

DECIDED SEPTEMBER 25, 1959—REHEARING DENIED
OCTOBER 8, 1959.

*Aaron Kravitch, John J. Sullivan,* for plaintiff in error.

*Edwin Maner, Jr.,* contra.

NICHOLS, Judge. 1. At the time the Mayor & Aldermen of the City of Savannah met to pass on the recommendation of the pension board, that E. A. Fitzgerald be retired, Fitzgerald was represented by counsel and it was agreed that the record in the injunction action be made a part of the record of such hearing. The final judgment in such injunction action enjoined the Mayor & Aldermen of the City of Savannah from retiring Fitzgerald until such time as such council should act on the recommendation of the pension board to retire him.

The petition of Fitzgerald seeking the permanent injunction had averred that the act approved February 14, 1949 (Ga. L. 1949, p. 548), as amended, creating a civil service system in such city, repealed expressly and by implication the provisions of the act of 1945 (Ga. L. 1945, pp. 703, 710), which permits the Mayor & Aldermen of the City of Savannah to retire any employee with over 25 years service under certain conditions on the recommendation of the pension board of such city. The final judgment, referred to above, in such injunction action necessarily held adversely to the contentions of Fitzgerald on this question of law and became the law of the case in the present controversy wherein the mayor and aldermen were seeking to follow the mandate of the court laid down in such decree. Especially is this true where the record in the prior action was made a part of the record of the meeting out of which the present petition for certiorari arose. See *Sandersville R. Co.* v. *Gilmore,* 212 *Ga.* 481 (93 S. E. 2d 696), and citations. Accordingly, the contentions of Fitzgerald that he was denied a hearing before the pension board, that he was not properly apprised of the reasons for the recommendation that he be retired, and that the provisions referred to above in the act of 1945, supra, were repealed by the act of 1949, supra, are without merit.

2. The sole remaining assignment of error argued or insisted on in the brief of the plaintiff in error is to the effect that no evidence was adduced at the meeting of the Mayor & Aldermen of the City of Savannah which would authorize its approval of the recommendation made by the pension board that he be re-

tired. Assuming but not deciding, that the hearing before the city council was a judicial inquiry, if there was any evidence to support its action approving the recommendation of the pension board then the judgment of the superior court dismissing the certiorari must be affirmed. On the contrary, assuming, but not deciding, that the hearing was not a judicial inquiry, the judgment dismissing the writ of certiorari would of necessity have to be affirmed. See *Smith* v. *Ferrario*, 105 *Ga.* 51, 53 (31 S. E. 38), and citations. Therefore, without determining the question of whether such hearing was or was not a judicial inquiry, since the chief of police testified at such hearing or meeting that Fitzgerald had, for the reasons stated, failed to cooperate with him, the approval of the recommendation of the pension board that Fitzgerald had displayed an inaptitude for the duties connected with his employment was supported by some evidence and the judgment of the superior court overruling and dismissing the certiorari must be affirmed since the act of 1945, supra, § 15, provides that employees of the city may be pensioned if such employee has 25 or more years of service and "displays an inaptitude for the duties connected with his or her employment," and certainly a failure to cooperate with the department chief would be such an inaptitude.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*