38116, 38117.   THOMPSON, Commissioner v. DUNN;
and *vice versa.*

DECIDED JUNE 24, 1960—REHEARING DENIED JULY 13, 1960.

*Harold Sheats, Griffin Patrick, Jr.,* for plaintiff in error.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr.,* contra.

NICHOLS, Judge. "The writ of certiorari shall lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers . . ." *Code* § 19-101. "In determining whether or not a proceeding be judicial in character, the

question hinges not on whether the parties at interest were in fact given opportunity to be heard, since an officer cannot clothe himself with unauthorized judicial powers by mere voluntary compliance with the forms of judicial procedure, but the test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure." *South View Cemetery Assn. v. Hailey,* 199 Ga. 478, 481 (34 S. E. 2d 863). "But the mere fact that a hearing is afforded is not determinative. It is the nature of the act to be performed by the body before which it is conducted that is determinative." *Tamiami Trail Tours v. Georgia Public Service Commission,* 213 Ga. 418, 429 (99 S. E. 2d 225), and citations.

The Civil Service Board of Fulton County was established by the act of November 15, 1943 (Ga. L. 1943, p. 971). This act, as amended (Ga. L. 1945, pp. 850, 854), provides: "Section 18. Removal. Any appointing Authority may dismiss a subordinate in the classified service for cause, upon filing with the Board copy of written notice furnished the employee to be removed, setting forth in detail the reasons for such action, before the effective date of such removal. The dismissed employee shall have an opportunity to answer the charges in writing within ten (10) days, and to file with the Board affidavits in support of such answer. All papers filed in the case shall be subject to inspection by the persons affected. Such action of the appointing authority shall be final, except the Board may reinstate an officer or employee so removed in case it appears after proper hearing that the removal was made for personal political or religious reasons and not justified . . . Section 18 (a). Whenever an employee has been suspended, demoted, discharged, disciplined, or otherwise caused to suffer any loss in classification, grade or salary, such employee shall have the right of appeal to the Civil Service Board. This right may be exercised at any time within ten days from the date of such suspension, demotion, discharge or other disciplinary action by a request in writing for such hearing filed with the Secretary of said Board. Immediately upon the receipt of such request, the Secretary shall notify the members of the Board and call a meeting of the Board for proper hearing of the case. The Board shall pro-

ceed to hear all parties at interest and such evidence as may be introduced by any of them at the earliest practicable date after notice of the appeal has been filed. The filing by an employee of an answer to charges to the written statement filed by the appointing authority with the Board as provided in Section 18 above, without further formality shall be deemed a sufficient demand for a hearing."

It is apparent from the statutory provisions that the proceedings before the Civil Service Board of Fulton County are quasi-judicial in character. Since the board therefore exercised judicial powers, the writ of certiorari lies for the correction of errors committed by it. *Code* § 19-101. The contention of Dunn that appeal and not certiorari is the proper remedy overlooks the fact that "the appellate jurisdiction of the Superior Court must be exercised, and can only be exercised, in those cases where the right of appeal thereto is provided by law." *Georgia R. & Bkg. Co. v. Redwine*, 208 Ga. 261 (2) (66 S. E. 2d 234). The statute makes no provision for appeal and consequently any errors of the Civil Service Board of Fulton County can be corrected only by a writ of certiorari to the superior court. The motion to dismiss such writ was therefore properly denied.

The findings of fact contained in the board's order of June 11, 1959, set forth above are supported by evidence in the record. Under these facts, the conclusion of the board that the dismissal of Dunn in the summary manner set forth in the findings was "for personal reasons and was not justified" cannot be said to be erroneous as a matter of law. Certainly the findings of fact contained in the Civil Service Board's order are supported by ample evidence, and competent evidence, and where there is any competent evidence to support the findings of the Civil Service Board this court is without authority to disturb such findings. *Fitzgerald v. Mayor &c. of Savannah*, 100 Ga. App. 372 (111 S. E. 2d 257). Under these circumstances the superior court did not err in affirming the judgment and findings of the Civil Service Board of Fulton County and in overruling the petition for certiorari.

*Judgments affirmed on the main bill of exceptions and on the*

*cross-bill. Gardner, P. J., Townsend and Frankum, JJ., concur. Felton, C. J., Carlisle and Bell, JJ., dissent.*

BELL, Judge, dissenting. The confusion in this case seems to arise in assuming that the Civil Service Board of Fulton County is the first and final finder of the facts. In actuality it is the appointing authority which is the initial finder of the facts. The Civil Service Board under the statute is merely an appellate quasi-judicial body.

Section 18 of the act as amended, Ga. L. 1945, p. 850, at p. 854, states specifically that *"Such action of the appointing authority shall be final,* except the Board may reinstate an officer or employee so removed in case it appears after proper hearing that the removal was made for personal political or religious reasons and not justified." (Emphasis added.) Section 18a of this same act as amended provides for an appeal to the Civil Service Board.

The sole question then for the Civil Service Board of Fulton County to determine on appeal is whether there was sufficient evidence to support the dismissal of the employee by the appointing authority. If there was such a sufficiency of evidence, then the board under the statute would be required to sustain the appointing authority.

By way of analogy the appointing authority as the finder of facts is, in our opinion, in very much the same position as the full board of the State Board of Workmen's Compensation which by the statute is the initial and exclusive determiner of the facts. On appeal to the superior court and to this court, both courts are without authority to set aside any facts properly found by the board which are supported by the evidence.

It follows then in the instant case that if the record discloses a sufficiency of evidence to support the appointing authority in the dismissal of the employee Dunn that, progressively, the Civil Service Board of Fulton County, the superior court and this court are all bound to accept those facts and to affirm the dismissal. The record discloses that there is ample evidence to sustain the appointing authority in the dismissal of the employee. To illustrate, the record shows the following from the testimony of the dismissed employee Reno Dunn: "I never made any

spot check to see whether they (the accountants under Dunn's supervision) were doing this checking for validation, but I did reassure Mr. Thompson from what they told me everything was in order." While there is much other testimony in the record which tends to support the appointing authority in the dismissal, this simple quotation from the testimony of Dunn is sufficient substantiation in and of itself, for the reason that the commissioner was justified in expecting from Dunn a more thorough check as to whether the security measures were being carried out, and in expecting more than the mere acceptance of the statement of the employees under Dunn that a proper check was being made and everything was in order.

While it is true that Section 18 of the act states in part that ". . . the board may reinstate an officer or employee so removed in case it appears after proper hearing that the removal was made for personal political or religious reasons and not justified," it is clear that the board can only reinstate where the dismissal was *solely* for personal political or religious reasons and *was not justified*. It is equally clear that where the dismissal was justified by the facts, even though personal political or religious reasons may have been present in the dismissal, the appointing authority's decision must be final.

In our opinion the case of *Fitzgerald v. Mayor &c. of Savannah,* 100 Ga. App. 372 (111 S. E. 2d 257), supports this view here expressed. We do not construe the *Fitzgerald* case as authority to support the findings of the Civil Service Board of Fulton County for the reason that the Civil Service Board of Fulton County by the statute is clearly made an appellate tribunal. The statute involved in the *Fitzgerald* case (Ga. L. 1945, pp. 703, 705), which by the decision of the court, was construed as being the law of that case expressly provided that "the recommendations of said board shall be final only *after* the approval of the mayor and aldermen of the City of Savannah." (Emphasis added). This language clearly shows that both the pension board and the mayor and aldermen of the City of Savannah were clothed with fact-finding responsibilities, with the final authority being expressly delegated to the mayor and aldermen. Here, the appointing authority is clothed by statute

with this initial fact-finding authority, and the hearing before the Civil Service Board of Fulton County is merely for the purpose of reviewing on appeal whether the facts so found by the appointing authority are supportable. This situation required by the statute is not attenuated by the fact that on appeal additional evidence is offered, heard and considered.

To us it is unthinkable that the General Assembly intended that the decisions of the appointing authority could be overturned in any case where there is a conflict of evidence as to whether a firing is justified. To so construe the legislative intent is to hold in effect that the disciplinary power of the office of tax commissioner is vested in the review board and not in the commissioner. While it is true that the law here is a peculiar one in that the appeal body formally hears evidence, whereas appellate tribunals ordinarily do not, the mere existence of this peculiarity does not permit the conclusion that just any finding of the appeal board, which may be authorized by the evidence before it, can be handed down by it. Such authority in the board is precluded by the existence of the explicit and prohibiting provisions of the law to the effect that the action of the appointing authority is final except where the firing is done for "personal political or religious reasons" and not justified. We think that this prohibiting provision means that the firing must be found by the reviewing body to have been made illegally *as a matter of law*. This means that the review provisions of this law are alike in significance to the more formal procedure by certiorari, in spite of the fact that the reviewing body may hear evidence. Any other conclusion simply means that the actions of the appointing authority whose duties are varied, complicated, and complex can be crippled by appeals whenever there is a conflict of evidence. We believe that the commissioner's responsibilities, judgment, discretion and policy should not be so circumscribed and fettered that it will make it difficult, if not impossible, for the one responsible to efficiently administer the duties of the office. We are not unmindful of the rights of the employee, but under the employee's own testimony here, the discharge was authorized.

*Felton, C. J., and Carlisle, J., concur in this dissent.*

On Motion for Rehearing.

Nichols, Judge. On rehearing a dissent to the above opinion developed on the question as to whether or not the Civil Service Board of Fulton County is the final finder of the facts, or whether such board is merely an appellate body with no authority to reverse the appointing authority and order the reinstatement of the employee so long as there is *any* competent evidence to authorize a finding that the firing was for other than "personal political or religious reasons and not justified." (Emphasis added.) Ga. L. 1945, pp. 850, 854.

Section 18 of the act as amended (Ga. L. 1945, pp. 850, 854) states specifically that "such action of the appointing authority shall be final, except the Board may reinstate an officer or employee so removed in case *it appears after proper hearing* that the removal was made for personal political or religious reasons and not justified." (Emphasis added.)

Whenever an appeal is taken from the action of the appointing authority in discharging an employee to the board, as was done in this case, such appeal constitutes a de novo hearing before such board, and as such, such board, under the act (Ga. L. 1945, supra), is the trior of the facts as to any review by the superior court or this court.

The sole question then for determination here is whether there was any competent evidence in the record to support the findings of fact of the Civil Service Board of Fulton County. As stated in the original opinion we think there was. To hold otherwise would mean that the only time this board could reinstate a discharged employee would be when the appointing authority admits that the discharged employee was discharged for personal political or religious reasons, and for no other reason.

*Judgment of affirmance is adhered to on rehearing.*