## 47185.  TROTTER v. COBB COUNTY CIVIL SERVICE BOARD.

Hall, Presiding Judge. The employee appeals from a judg-
ment of the superior court affirming the ruling of the
county civil service board which affirmed his dismissal.

The employee was dismissed from his position in the sher-
iff's office for "insubordination." The act alleged was a
refusal to comply with a directive which states, "all em-
ployees must have their hair cut a decent length."

There is no dispute that he received proper notice and hear-
ing of the charge. He contends that the regulation itself

is invalid because of vagueness. We would agree if this were a situation in which a bewildered employee was attempting to comply. It appears that only the sheriff knows the standards for a "decent" haircut and that these standards are subject to change as the employee had substantially the same haircut for two years.

However, we must begin with the proposition that the sheriff may set reasonable standards of appearance for his employees who are public officers. Nevertheless, the standard cannot be so vague and indefinite that men of common intelligence must necessarily guess as to its meaning and differ as to its application. *City of Atlanta v. Southern R. Co.,* 213 Ga. 736, 738 (101 SE2d 707); *Hayes v. State,* 11 Ga. App. 371, 378 (75 SE 523). There is no issue of personal liberty or constitutional right involved. Cf. *Inman v. State,* 124 Ga. App. 190 (183 SE2d 413); *Dunahoe v. State,* 124 Ga. App. 471 (184 SE2d 359). The rights here are most analogous to contract, with the employee contending that this provision is unenforceable because of vagueness.

We come, then to the hearing. "Q. If you were reinstated by this board, would you cut your hair? A. No, I think I should be able to wear it as I see fit. Q. Would you agree to keep your hair as it is in the picture of June 14, 1971, the day of your termination? A. No, I couldn't guarantee that at some later date I would not want to wear it a little longer or I may want to shave my head. But I do think that I should make that decision. Q. You think that the sheriff as your employer does not have this right, is that correct? A. That is right."

It is clear that the sheriff has determined that the present length of this employee's hair does not comply with his standards, whatever they may be. It also appears that if the sheriff were to redraft his regulation to cure the vagueness, the employee would not comply in any event. The ancient doctrine of the "nugatory act" immediately leaps to mind. By his insistence that he will not cut his hair to suit the sheriff, the employee has "waived" his

right to object that he doesn't know what the sheriff wants.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
SUBMITTED MAY 4, 1972—DECIDED MAY 11, 1972.

*Glenn Zell,* for appellant.
*Edwards, Awtrey & Parker, Donald A. Mangerie,* for appellee.