## 56777. WILLIS v. JACKSON et al.

QUILLIAN, Presiding Judge.

This is an appeal from the denial of a petition for certiorari to the Fulton County Superior Court which was brought by the appellant Willis. Mr. Willis, a classified employee of the City of Atlanta, was dismissed on a charge of conflict of interest. He appealed his dismissal to the City of Atlanta Civil Service Board. From an adverse decision of that board, upholding his dismissal, he petitioned the superior court for certiorari.

The record in the instant case is replete with bureaucratic use of meaningless acronyms. We are familiar with some of the terms but being unsure of their complete translation we must use them as they appear in

the record: e.g. "CETA, EOA, OIC, EOA Intake, MIS, EET, ETAC, EDT." Mr. Willis worked for "CETA." He supervised "monitors" of city contracts, also "had a role in writing our work statements out" for "what we would bid in," and "participated" in meetings of "the ETAC subcommittee that passed on competitive bids" for contracts with the City of Atlanta. He did not take part in "any decision" but "was asked a number of questions because [he] had the information."

Mr. Willis and a friend formed a corporation, "Joint Enterprises, Inc." The City of Atlanta was making an "evaluation of the EOA Intake." Two evaluations were conducted by CETA. Mr. Willis "participate[d] in the committee meetings on redesign of intake," and assisted in writing "the work statement for CETA's Request for Proposals" on the "intake." Then CETA requested bids on a contract "on the intake." Joint Enterprises submitted a bid and the committee decision was that "Joint Enterprises should receive the contract." The bid submitted did not reveal that Mr. Willis was part owner of the corporation. The next day Mr. Willis and his "partner" revealed to CETA that he was part owner of Joint Enterprises. He told the director that he had contacted the city attorney's office and "just asked her was it a conflict of interest for a City employee to submit a bid on a proposal?" He did not reveal that he "would be personally involved in [his] role as an employee of the City." He stated that he was told that he could submit a bid but would have to resign if he was awarded the contract. The contract was not awarded to Joint Enterprises but Mr. Willis was transferred to another job, then suspended, and ultimately dismissed on the basis that there was a "conflict of interest."

He appealed his dismissal to the City of Atlanta Civil Service Board. They upheld the dismissal. He petitioned for certiorari to the superior court and this was denied. Appellant now brings this appeal. *Held:*

1. The writ of certiorari to a superior court shall lie for correction of errors committed by any inferior judicatory, or any person or board exercising judicial powers, excluding those subjects excepted in Code § 19-101. Discharged employees of a city who are

authorized to appeal their discharge to the personnel board of the city, are entitled to petition the superior court for a writ of certiorari from an adverse decision of the personnel board. *Wilson v. Latham,* 227 Ga. 530 (181 SE2d 830). A petition for certiorari sets off a chain action that becomes irreversible. The petition must set forth all of the grounds asserted as error but may include only those grounds that were insisted upon at trial or the hearing. 3 EGL 512, Certiorari, § 36; *O'Quinn v. Mayor &c. of Homerville,* 42 Ga. App. 628, 629 (157 SE 109). Further, "[w]here it does not appear from the record that [those] issues were made in the trial court, they can not be raised by certiorari in the superior court, [or] reviewed in this court." *Bolton v. City of Newnan,* 147 Ga. 400 (1) (94 SE 236); accord, *Duren v. City of Thomasville,* 125 Ga. 1 (3) (53 SE 814); *Smith v. Mayor &c. of Macon,* 202 Ga. 68, 70 (42 SE2d 128).

An exception to the foregoing would be errors relating to the decision of the board can be raised in a petition for certiorari where there is no procedure to request the board to reconsider their decision or there is error in the decision itself. For example, in the instant case the decision of the Civil Service Board did not conform to the requisites of Section 2-105 of the charter of the City of Atlanta, which defined "Conflict of Interest." This error was not raised at the hearing — which had concluded, but was contained in the petition for certiorari. The superior court properly returned the letter to the board for correction to reflect the finding actually reached by the board. We find no prejudice to the appellant in the procedure followed as "every court has the inherent power — and it is the court's duty — to correct its own records to make them speak the truth." *Maloy v. Planter's Warehouse &c. Co.,* 142 Ga. App. 69, 75 (234 SE2d 807); Code Ann. § 24-104 (6) (Code § 24-104 (6)). In the same manner the board had the right to correct its notification to the appellant of its decision. "In making such entries. . . he is presumed as a public officer to faithfully and accurately perform the duties devolving upon him by law." *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69, 74 (35 SE2d 899); *Ga. Dept. of Public Safety v. Collins,* 140 Ga. App. 884, 885 (232 SE2d 160).

2. We have discussed the foregoing as a preface for the following. The petitioner asserted error in almost all of his 26-paragraph petition for certiorari. However, errors alleged in paragraphs 5, 8, 11, 12, 13, 14, 15, 16, 17, 18, 22, 23, 24 and 25 of the petition for certiorari were not raised at the hearing before the Civil Service Board and were not properly before the superior court and will not be considered on this appeal. *Bolton v. City of Newnan,* 147 Ga. 400 (1), supra.

3. Petitioner enumerated constitutional error in paragraphs 13, 16 and 18 of his petition for certiorari. As to paragraph 13, the Georgia Supreme Court ruled that "[t]he trial court did not reach the constitutionality of the City ordinance attacked under the Fourteenth Amendment and that question is not an issue in this appeal." Thereafter, they returned this case to this court. Paragraph 18 is a restatement of paragraph 16 — but neither will be considered on this appeal as they were not raised before the board. *Cheek v. White,* 204 Ga. 321 (2) (49 SE2d 819); *Galfas v. Ailor,* 206 Ga. 76 (1) (55 SE2d 582).

4. Appellant has failed to follow Rule 18 (c) (1) of this court (Code Ann. § 24-3618 (c) (1)) which provides: "Sequence of argument [in appellate briefs]. The sequence of argument or arguments in the briefs shall follow generally the order of the enumeration of errors, and shall be numbered correspondingly."

Enumerated error one is not argued anywhere in the brief and is deemed abandoned. Enumerated errors 2, 3 and 4 are argued in paragraphs 1, 2 and 3. Enumerated error 5 is argued in paragraph 8. Enumerated error 10 is argued in paragraph 6. Enumerated error 8 is argued in paragraph 4, etc. Paragraph 11 of Part III has no relation to any enumerated error. Furthermore, as stated earlier, in Division 1, "[w]here it does not appear from the record that [those] issues were made in the trial court [hearing before the Civil Service Board, in this case], they can not be raised by certiorari in the superior court, [or] reviewed in this court." *Bolton v. City of Newnan,* 147 Ga. 400 (1), supra.

All eleven enumerated errors deal with alleged error of the superior court. However, inasmuch as some of those

errors attributed to the superior court deal with the basic error raised before the board, we will consider them.

5. Appellant alleges that the trial court erred in finding he had adequate notice of the specific acts of conflict of interest for which he was dismissed. This issue was not raised at the hearing and should not have been considered in the hearing on the petition for certiorari (*O'Quinn v. Mayor &c. of Homerville,* 42 Ga. App. 628 (1) supra), the reason being that the city was never given the opportunity to contest the assertion at the board hearing and *no evidence may be presented* in the superior court at the hearing on the petition for certiorari. *Gildea v. Hill,* 115 Ga. 136 (2) (41 SE 492). We have reviewed what evidence is available and find that letters from the director to appellant informing him of his suspension and termination clearly identified the acts of appellant which precipitated such action. There being evidence of record to support the finding of the board and the superior court, we must affirm. *Fitzgerald v. Mayor &c. of Savannah,* 100 Ga. App. 372 (111 SE2d 257); *Cannon v. Macon &c. Pension Bd.,* 137 Ga. App. 803, 804 (224 SE2d 851).

6. The third enumeration of error alleges appellant was denied "due process" because he was not afforded a hearing prior to adverse personnel action. Again this issue was not raised before the board and is not properly before this court. *Ivey v. State,* 67 Ga. App. 268 (19 SE2d 844). However, this exact issue has been decided adversely to appellant by our Supreme Court in *Brownlee v. Williams,* 233 Ga. 548, 553 (1) (212 SE2d 359).

7. The fourth enumeration of error complains of the finding of the superior court that he was afforded a full and fair hearing by the Civil Service Board. First, this ground was not asserted "per se" in the petition for certiorari. It is arguable that it relates to several of the grounds asserted by appellant in his petition. The enumeration itself is too general to require consideration. In paragraph III of part III, appearing to argue this enumeration, appellant alleges that the failure of the respondents to provide him the information requested in two letters denied him "a meaningful right to be heard . . ." Similar allegations were raised in paragraphs 11 and 17 of the petition for certiorari, but they were not raised at

the hearing before the board. Therefore, the respondents never had the opportunity to rebut the allegations at the hearing, and being unable to present evidence at the superior court level, we decline to consider it here on the basis that it was neither raised nor litigated at the hearing before the Civil Service Board. *Perry v. Brunswick & W. R. Co.,* 119 Ga. 819 (1) (47 SE 172).

8. The fifth enumeration of error is addressed solely to the action of the superior court. Thus, we need not consider it. *Duren v. City of Thomasville,* 125 Ga. 1 (3) (53 SE 814). However, we have previously decided this issue adversely to the appellant in Division 1, above.

9. Appellant contends the "term 'conflict of interest' " is so broad, vague, or meaningless as to be "unsusceptible of interpretation and application to the instant action." We disagree. "When the General Assembly vests power in a municipal corporation to perform governmental functions, it is well settled that it must prescribe clear and definite procedure to guide its action in the performance of such power . . . It is a general principle of statutory law that a statute must be definite and certain in its provisions to be valid, and when it is so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential of due process of law." *City of Atlanta v. Southern R. Co.,* 213 Ga. 736, 738 (101 SE2d 707). "The application of due process with respect to vagueness and uncertainty is not applied as strictly to civil statutes as to those penal in nature. The rule is that a statute may be too vague and uncertain to be capable of enforcement as a penal statute and yet may be sufficiently certain to set forth a rule of civil conduct. *Teague v. Keith,* 214 Ga. 853 (108 SE2d 489)." *Campbell v. J. D. Jewell, Inc.,* 221 Ga. 543, 547 (145 SE2d 569); *Brumby v. Brooks,* 234 Ga. 376, 381 (216 SE2d 288).

"A civil statute will withstand an attack of vagueness or indefiniteness if it provides fair notice to those to whom the statute is directed and enables one to determine from the provisions of the Act what the legislative intent was in enacting the Act." *Bryan v. Ga. Public Service Comm.,* 238 Ga. 572, 574 (234 SE2d 784). Accord, *Southern R. Co. v. Brooks,* 112 Ga. App. 324 (1a)

(145 SE2d 76).

It has been recognized by the United States Supreme Court that non-criminal statutes are not so broad and vague as to violate the due process clause of the United States Constitution "where it is set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with." Annot. 40 LE2d 823, 827. Accord, *Trotter v. Cobb County Civil Service Bd.*, 126 Ga. App. 278, 279 (190 SE2d 792). In the instant case, the term "conflict of interest" was further defined in five examples. The first and fifth examples will suffice: "Section 2-105. *Conflict of Interest.* Except as otherwise provided by law, no . . . employee of the City or any office, department or agency thereof shall knowingly: (1) Engage in any business transaction with, or have a financial or other personal interest, direct or indirect, in the affairs of the City, except through a procedure employing sealed bids [the contract involved here did not employ sealed bids] . . . (5) Vote or otherwise participate in the negotiation or the making of any contract with any business or entity in which he has a financial interest." Mr. Willis stated that he did "participate in" committee meetings involving the contract for which his corporation submitted a bid.

The U. S. Supreme Court, in construing the phrase: "such cause as will promote the efficiency of the service," held that it "is constitutionally sufficient against the charges of both of overbreadth and of vagueness." Arnett v. Kennedy, 416 U. S. 134, 159 (94 SC 1633, 40 LE2d 15). The regulation involved here — with its five examples, when compared to the phrase approved by the U. S. Supreme Court, is a model of clarity, legibility, and explicitness. We find the language complained of is not too vague, indefinite, and uncertain to be enforceable and is not in violation of due process. See *Teague v. Keith,* 214 Ga. 853, 854, supra.

10. The seventh enumerated error alleges the trial court erred in ruling that there need not be a showing or finding that petitioner's violations were "wilfull." As stated earlier, in an appeal via a petition for certiorari an appellate court is primarily concerned with allegations of error committed in the trial judicatory. *Bolton v. City of*

*Newnan,* 147 Ga. 400, supra. Regardless of the merit of this allegation of error of the superior court, the Civil Service Board stated in its notice of dismissal: ". . . the Board concluded that said Charter provision had been *willfully and knowingly violated . . ."* (Emphasis supplied.) Accordingly, regardless of the statement of the superior court, the board found the petitioner's violations were wilful. Thus, no prejudice appears to the appellant.

11. Appellant alleges the court erred in *"failing to rule on the issue"* of whether the respondents "fully complied with the regulations and procedures for suspending and termination of a City of Atlanta employee as required by the Civil Service Rules and Regulation." In its order of December 14, 1977, the trial court found: "Respondents fully complied with the regulations and procedures for suspending and terminating a City of Atlanta Employee as required by the Civil Service and Regulations . . ." This argument is specious.

12. Appellant's ninth enumerated error alleges the "trial court erred *in failing to rule on the issue* of whether the second final decision of notice of September 13, 1977 represented the finding of the Civil Service Board on the issues of 'knowingly' and 'wilfully' violating the Civil Service Rules and the Atlanta City Charter." (Emphasis supplied.) The superior court, in its order of December 14, 1977, found: "The September 13, 1977 letter from Lucy S. Pennington represents the finding of the full Civil Service Board on the issues of 'knowingly' and 'wilfully' violating the Civil Service Rules and the Atlanta City Charter." Apparently counsel has failed to read the record.

13. The tenth enumerated error contends the "trial court erred *in failing to rule on the issue* of whether the first Final Decision notice of the Atlanta Civil Service Board, dated December 13, 1976 was erroneous in view of reliable, probative, and substantial evidence on the whole record." (Emphasis supplied.) The trial court found: "The Final Decision of the Atlanta Civil Service Board dated December 13, 1977 was not erroneous in view of reliable, probative, and substantial evidence on the whole record."

14. The last enumerated error avers the trial court erred *"in failing to rule on the issue* of whether the provisions of Chapter XVIII and XIX of the Civil Service Rules

and Regulations are violative of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution . . ." (Emphasis supplied.) The trial court found in its order of December 14, 1977, that: "The provisions of Chapter XVIII and XIX of the Civil Service Rules and Regulations are not violative of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution . . ." This enumeration is also without merit.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED OCTOBER 17, 1978 — DECIDED NOVEMBER 22, 1978 — REHEARING DENIED DECEMBER 14, 1978 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Jacqueline Bennett,* for appellant.
*Marva Jones Brooks,* for appellees.