Jaxie LEE, Plaintiff-Appellant,

v.

Sheriff Bill HUTSON and Cobb County,
Defendants-Appellees.

No. 86–8098.

United States Court of Appeals,
Eleventh Circuit.

Feb. 19, 1987.

See also, D.C., 600 F.Supp. 957.

Ralph Goldberg, Atlanta, Ga., for Lee.

Michael A. O'Quinn, Atlanta, Ga., for
Hutson, et al.

Before HILL and FAY, Circuit Judges,
and MORGAN, Senior Circuit Judge.

HILL, Circuit Judge.

Appellant, Jaxie Lee, was a tenured em-
ployee of the Cobb County, Georgia Sher-
iff's Department. Ms. Lee was terminated
from this employment on November 30,
1983, for unauthorized dissemination of
criminal records. She received a hearing

before the Cobb County Civil Service Board on January 17, 1984. The Board affirmed Sheriff Hutson's decision to terminate Ms. Lee.

Ms. Lee then brought suit in federal district court alleging various violations of section 1983. Her case consisted of a procedural due process claim challenging the procedures used by the Board during her hearing; a substantive due process claim alleging that her dismissal was arbitrary and capricious, in that the appellees failed to present exculpatory evidence to the Board in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); a claim under *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), that termination prior to her hearing violated due process; and a privacy claim alleging that dissemination of *her* criminal arrest record by appellee Hutson denied her due process and constituted an invasion of privacy under Georgia law and the federal Constitution. Sheriff Hutson and the county moved for dismissal for failure to state a claim, pursuant to Fed.R.Civ.P. 12. This motion was granted, except for the *Loudermill* claim.[1] The court then granted Ms. Lee's unopposed motion to certify this decision as final under Fed.R.Civ.P. 54(b). Ms. Lee appeals all but the privacy claim.[2]

In opposing the motion for summary judgment, Ms. Lee claimed that the hearing given to her by the Cobb County Civil Service Board was flawed in several respects. First, she claimed that the Board failed to weigh independently the evidence

and punishment given. Second, she claimed that she was not afforded a unbiased panel. Third, she claimed that the Board did not make a determination based upon the evidence and arguments presented to it; she argued that the hearing was a sham. Finally, she argued that the Civil Service Board failed to state which evidence it relied upon in reaching its decision and the reason for that decision; all Ms. Lee found out was that the vote had been three to two against her.

The district court found that, on the face of Ms. Lee's complaint, she was not challenging the adequacy or fairness of the procedural *system* established by the State for Civil Service dismissals. Rather, she claimed that the Board failed to follow this system, and made a sham out of the system, *in her case.* The district court noted that when a dismissed employee has a grievance against the Board such an employee has the right to seek review in the state superior court by way of certiorari. *See* O.C.G.A. § 5-4-1 *et seq.* (1982).[3]

The court considered this in light of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In *Parratt* the Supreme Court held that where a state's procedures governing the taking of property are not fundamentally unfair on their face, and where an adequate remedy exists under state law to correct alleged errors in the administration of those procedures, there can be no deprivation without procedural due process because all process "due" has been afforded. The district court found that Ms. Lee, because she was

1. *Loudermill* holds that a civil service employee must be given notice of the reasons for her termination and "an opportunity to respond" prior to her discharge. There was evidently a great deal of dispute about the facts surrounding the notice that Ms. Lee was given and the events leading to her hearing. Thus the district court retained this issue for trial.

2. The argument was not mentioned in appellant's brief. Moreover, in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Supreme Court ruled that no constitutional right of privacy was violated by a public disclosure of the plaintiff's identity as an arrested shoplifter. Here it is questionable that a public

disclosure was ever made. Further, under *Sparks v. Thurmond,* 171 Ga.App. 138, 319 S.E.2d 46 (1984), there is no private cause of action for damages resulting from unauthorized disclosures of criminal records. Also, under Georgia law, there can be no actionable invasion of privacy where there is a public disclosure of facts which were already a matter of public record.

3. The right to petition the Superior Court concerning employment decisions made by county and municipal civil service boards has been explicitly upheld. *See Thompson v. Dunn,* 102 Ga.App. 164, 115 S.E.2d 754 (1960) and *Willis v. Jackson,* 148 Ga.App. 432, 251 S.E.2d 341 (1978).

challenging only the fairness of the procedures *in her particular case,* failed to state a claim under *Parratt;* the state remedies available to her were perfectly adequate. The certiorari procedure would have allowed her to pursue both the procedural and substantive due process aspects of her claim. Accordingly, the court dismissed her case for failure to state a claim.

**I**

On appeal, Ms. Lee's first argument is that *Parratt v. Taylor* does not apply to any of her substantive due process claims. For this proposition appellant correctly cites *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir.1985) (en banc). In *Gilmere* this court held that substantive due process claims are not subject to dismissal under *Parratt v. Taylor,* regardless of the adequacy of state remedies. This *en banc* decision post-dated the district court's dismissal of Ms. Lee's case. Thus, were *Parratt* the only basis for the district court's dismissal of appellant's putative substantive due process claims, *Gilmere* would mandate a reversal.

However, not every wrong committed by a state actor rises to the level of a "constitutional tort," sufficient to trigger a substantive due process violation. In *Gilmere* we stated, "[S]ubstantive due process is violated by state conduct that 'shocks the conscience' or constitutes force that is 'brutal' and as such 'offend[s]' even hardened sensibilities." *Id.* at 1500, quoting *Rochin v. California,* 342 U.S. 165, 172–73, 72 S.Ct. 205, 209–10, 96 L.Ed. 183 (1952). The *Gilmere* case was a police brutality case wherein the victim of alleged excessive force died as a result of police conduct. The court found that this amounted to conduct so egregious as to shock the conscience, making out a substantive due process claim.

The question here is whether Ms. Lee's allegations pointed to a state conduct that was so shocking or egregious as to give rise to a claim for damages under the concept of substantive due process. If so, then *Parratt* is inapplicable and the claims

cannot be dismissed for failure to state a claim. If in fact the Board's conduct was not unconstitutionally arbitrary, then Ms. Lee's allegations amount to nothing more than an attack on the procedures used in her particular case, and the district court must be affirmed.

■ Appellant cites several cases which she claims support her theory that a *Brady* violation in an employment hearing can be considered a substantive due process violation. We find none of the presented analogies persuasive. Instead, we find Supreme Court precedent dispositive. In *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the Supreme Court rejected a police officer's claim that his constitutional right to liberty had been violated when he was discharged for allegedly false reasons. That is, of course, analogous to what Ms. Lee is alleging with her *Brady* violation claim. In *Wood,* the court stated:

> Indeed the impact on petitioner's constitutionally protected interest in liberty is no greater even if we assumed that the city manager deliberately lied. Such fact might conceivably provide the basis for a state law claim, the validity of which would be entirely unaffected by our analysis of the federal constitutional question.
>
> . . . .
>
> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies.... In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill advised personnel decisions.

*Id.* at 349–50 and n. 13, 96 S.Ct. at 2079–80 and n. 13. As the appellees point out, if a deliberate lie by governmental employer does not amount to an independent consti-

tutional tort, then an alleged *Brady* violation during an employment hearing also fails to constitute a substantive due process violation. Nor does the record demonstrate any other evidence indicating that Ms. Lee's dismissal was so arbitrary that it violated substantive due process. We are dealing only with alleged procedural errors.

 Although procedural due process might be violated if a mechanism for correcting these alleged errors were not available, Georgia does provide avenues for redress of such claims, as noted by the district court. While *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1981), makes clear that exhaustion of state remedies is not required in section 1983 actions, under *Parratt*, the availability of state procedures is important in ascertaining whether due process is available. The certiorari procedure available under O.C.G.A. § 5–4–1 *et seq.* does provide an adequate remedy.[4] Accordingly, all of Ms. Lee's alleged substantive due process claims were properly dismissed under *Parratt* for failure to state a claim, because they were not in fact substantive due process claims.

## II

Appellant next contends that the Board's failure to give her a more precise explanation of its findings constituted a due process violation. While it is unclear whether or not this is based on procedural or substantive grounds, appellant does characterize this as fundamentally unfair and states, "as a human being [Ms. Lee] deserves more."

In fact this complaint only goes, once again, to the fairness of the procedure used in appellant's particular case. If the Superior Court were to grant certiorari based on appellant's rather extensive allegations that the procedure granted to her was inadequate, then the Superior Court could remand the case with instructions to make such findings, should it find that they were required as a matter of law. *See* O.C.G.A. § 5–4–14 (1982).

## III

In a separate section of her brief appellant realleges that the hearing offered her was inadequate for five different reasons. She claims that the Cobb County Civil Service Board failed to weigh the evidence and punishment given independently; that the Board refused to afford her an unbiased panel; that the decision was not made based upon the evidence and argument made before it; that the Sheriff and Board acted vindictively and maliciously to deny her more than a sham hearing; and that her dismissal was arbitrary and capricious and was not based on substantial evidence. Apparently appellant seeks to combine all of the alleged procedural errors in an attempt to make out a substantive due process violation. As discussed above, these claims only attack the hearing held in her particular case. Even taken together they do not state a cognizable procedural *or* substantive due process claim under section 1983. The district court correctly found that these alleged flaws in the hearing granted to Ms. Lee could best be redressed by *state procedure* which was available, *i.e.*, certiorari to the superior court of Cobb County.

## IV

Finally, Ms. Lee's complaint alleged in very conclusory terms that she had been denied equal protection under the laws.

---

**4.** The district court did state that a superior court reviewing a petition for certiorari has the same discretion in reviewing the evidence that it would have upon a motion for a new trial. This is incorrect. O.C.G.A. § 5–4–12 dictates that "the scope of review shall be limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence." Georgia courts have recently confirmed that the "substantial evidence" standard is the proper standard to be applied in appeals to superior courts by applications for certiorari. *See Smith v. Elder*, 174 Ga.App. 316, 329 S.E.2d 511 (1983). However, we do not find that this misstatement mandates a reversal. The substantial evidence standard, used in most cases wherein courts review the quasi-judicial actions of administrative bodies, provides adequate flexibility and opportunity to review contested administrative decisions.

Her appellate brief simply stated that she was denied equal protection, without further explanation.

An equal protection claim is clearly a substantive issue. Indeed, even the appellee concedes that if a plaintiff makes out a colorable equal protection claim, then, under *Gilmere*, a plaintiff's claim cannot be dismissed via the *Parratt* doctrine. We therefore remand the claim for further proceedings. Nonetheless, we note that a plaintiff should not be allowed to take what is essentially a procedural due process case and, through artful pleading, escape the commands of *Parratt* by asserting a conclusory and skeletal equal protection claim. It is up to the trial court to see whether or not Ms. Lee stated an equal protection claim capable of surviving a summary judgment motion.[5]

The district court's decision is affirmed, except for the equal protection claim which is remanded for further consideration consistent with this opinion.

AFFIRMED in part; REMANDED in part.

---

**5.** Practically speaking, some of the procedural errors that Ms. Lee alleges will undoubtedly be addressed at trial on her *Loudermill* claim, and, if the equal protection claim has any merit, it can be dealt with then as well.